# SUPERIOR COURT

Joseph Beerman
vs. } Eq. No. 7353
Frank O. Clapp et al.

RESCRIPT.

July 11, 1925.

BAKER, J. Heard on prayer for preliminary injunction.

The complainant is seeking to enjoin the respondents from completing the erection of a certain brick wall or fence which the former claims is in the nature of a spite fence.

The Court has viewed the premises in question.

It was brought out in testimony that respondents were erecting a brick wall entirely on their own premises but close to the dividing line between their property and that of the complainant. It appeared that a portion of this wall had been erected to the height of approximately seven feet, and that this was about as high as the wall was to extend. This portion of the wall was in the rear of the complainant's property. A part nearer the street had been erected to the height of some three or four feet and for a considerable distance near the street line only the foundation had been built. The portion of the wall erected was built of used brick. If built as apparently intended, the wall will pass within four or five feet of the complainant's sun parlor, which is on the first floor of his house and is approximately four or four and a half feet above the ground level.

The complainant contends that this wall, as erected and apparently as about to be completed, is being built by the respondents entirely from malicious motives and constitutes a private nuisance which he is entitled to have abated.

The respondents, on the other hand, insist that they have a right to build the wall; that it is entirely on their own property; that it is not being built from malicious motives but for other purposes, and that it does not constitute in any way a private nuisance.

It is clear that at common law, and apparently at the present time in most jurisdictions, by the weight of authority a land owner has, apart from statute, almost unlimited rights to erect on his premises such structures as he desires.

Camfield vs. U. S., 167 U. S. 523;
Giller vs. West, 162 Ind. 17;
Metzger vs. Hochrein, 107 Wis. 267.

Some few jurisdictions have departed from this general rule by means of decisions, holding that structures con not be erected if the sole and only purpose is malicious and to annoy a neighbor. This more recent doctrine has possibly been recognized in this State.

See Blomen vs. N. Barstow Co., 35 R. I. 198.

In several jurisdictions statutes have been passed regulating the matter. In this State, Section 1 of Chapter 182 of the General Laws, 1923, sets out what shall be adjudged to be lawful fences. This doubtless refers to partition fences, but might undoubtedly be of assistance to a court of equity in passing upon a fence which is extremely close to the division line. Section 20 of the same chapter provides that a fence which unnecessarily exceeds six feet in height and is maliciously erected or maintained shall be deemed a private nuisance, and provides a remedy by an action at law to recover damages.

A statute very similar to this has been construed in Massachusetts and

in other States. It is generally held that, being in derogation of rights at common law, such a statute should be construed strictly.

The malicious purpose or the purpose to annoy must be the controlling motive in the erection or maintaining of such a fence in order to entitle a party to relief under the statute.

Rideout vs. Knox, 148 Mass, 368.

The question comes, therefore, as to the proper application of the law to the facts in the case at bar.

As to the portion of the fence already erected the Court will not, on preliminary injuction, make any order. The respondents have testified definitely that they have no malicious motive of any kind against the complainant, but that they are erecting the wall for other reasons. The complainant contends that the facts justify the inference that the wall is erected from malicious motives. It seems to the Court clear that the complainant must prove this satisfactorily before he can ask relief by way of preliminary injunction.

Furthermore, it does not appear from the evidence just how the respondents intend to complete the wall, particularly the end of the wall near the complainant's house and toward the street line. It is very possible that the wall, when erected there, may be lower than the portion now built. The respondents have definite notice at the present time of the complainant's position in the matter, and if they proceed now to erect a structure which may later lay them open to an action at law for damages, or possibly to be abated later in this proceeding after final hearing, they can not be heard to then complain.

On the testimony presented at the present time, however, the Court can not say that what has been erected or what the respondents may erect constitutes or will constitute a private nuisance. Also, the evidence shows that while the rear portion of the wall is constructed of used brick, not much of that brick now remains and it will be necessary for the respondents to get new brick to finish the portion of the wall near the complainant's house and near the street. In fact, the testimony shows that the respondents offered to build the portion of the wall near the house of the same type of brick which the complainant has in the foundation of his house.

Many of the cases referred to by the complainant, where relief has been obtained either at law or in equity, are clearly cases where the structures have been erected entirely from malicious motives, or where that motive has been the dominant and controlling force. Also, in these cases most of the structures have been from 8 to 25 or 30 feet in height.

While it is true that as to private nuisances equity has concurrent jurisdiction with law, nevertheless it seems clear that this jurisdiction is exercised with great caution and in cases only of pressing necessity.

29 Cyc, pages 1219 to 1221.

On the law and the facts, therefore, the Court is of the opinion that the complainant is not entitled to a preliminary injunction.

The prayer for a preliminary injunction is denied.

For Complainant: Frank H. Bellin and Charles E. Tilley.

For respondents: Harry C. Curtis.