## FRANKEL *v.* GARRARD ET AL.

[No. 20,009. Filed March 11, 1903.]

PLEADING.—*Amendment of Complaint.* — *New Parties Plaintiff.* — The amendment of a complaint, by joining another party plaintiff, is proper at any time before answer without leave, and the trial court may in its discretion permit such amendment at any time. *p. 212.*

SAME.—*Demurrer.*—A demurrer to a complaint for want of sufficient facts calls into question not only the sufficiency of the facts to constitute a cause of action, but the right of plaintiffs to sue jointly. *pp. 210, 212.*

SAME.—*Separate Demurrer.*—A separate demurrer of a codefendant tests the sufficiency of a complaint as to him, although the demurrer was general in form, and did not contain the limiting words "as to him." *p. 212.*

SAME.—*Complaint Not Good as to One Party Joined.*—A complaint which is not good as to either of two plaintiffs who join in it, is bad as to both. *p. 213.*

JUDGMENT.—*Vacation for Fraud.*—*Parties.*—In a suit to vacate a judgment and to enjoin its enforcement against real estate owned by the judgment debtor at the time the judgment was rendered, a subsequent grantee of the land was a proper party plaintiff. *pp. 213, 214.*

SAME.—*Default.*—*Setting Aside for Fraud.*—*Injunction.*—The act of a plaintiff in causing a false return of summons to be made by an officer is sufficient cause for setting aside the judgment and enjoining its collection. *p. 214.*

SAME.—*Default.*— *Vacation for Fraud.* — *Collateral Attack.* — The impeachment of a judgment by a suit to set it aside and enjoin its collection for fraud is a direct, and not a collateral, attack. *p. 214.*

SAME.—*Justice of Peace Judgment.*—*Setting Aside.*—*Jurisdiction.*—A suit to set aside a justice of the peace judgment, a transcript of which has been filed in the office of the county clerk, is properly brought in the circuit court, since a justice of the peace has no equity jurisdiction. *pp. 214, 215.*

VOL. 160—14

Frankel *v.* Garrard.

PLEADING.—*Demurrer.*—*Defect of Parties.*—Defect of parties, as a statutory cause for demurrer, means too few, not too many parties. *p. 215.*

SAME.—*Demurrer.*—*Parties.*—*Misjoinder.*—Misjoinder of parties is not a ground of demurrer. *p. 215.*

JUDGMENT.—*Assignment.*—*Rights of Assignee.*—The assignee of a judgment takes it subject to all the defenses which could have been urged against it in the hands of the original judgment plaintiff. *p. 215.*

From Delaware Circuit Court; *J. M. Smith,* Special Judge.

Suit by William L. Garrard and another against Jacob Frankel. From a judgment for plaintiffs, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*J. F. Meredith,* for appellant.

*J. W. Ryan, W. A. Thompson* and *R. C. Griffith,* for appellees.

DOWLING, J.—Suit by the appellees, Garrard and Ault, in the Delaware Circuit Court, to enjoin the collection of a judgment rendered by a justice of the peace in favor of one Smith, and against the appellee Ault. The action was originally brought by Garrard alone, but subsequently, with the leave of the court, Ault was joined as a plaintiff. A motion was made by the appellant to strike the name of Ault from the complaint, for the reason that he was "made a party plaintiff without a proper showing, and without any order of court." A demurrer to the complaint stated as grounds therefor: (1) The want of sufficient facts to constitute a cause of action; (2) a defect of parties plaintiff, in that Ault had been improperly added as a plaintiff; (3) a misjoinder of parties plaintiff, in "that Ault had been joined as a plaintiff without an order or leave of the court." The court denied the motion to strike out the name of Ault, and overruled appellant's demurrer to the complaint. Appellant then filed an answer in two paragraphs,

to the second of which a demurrer was sustained. These rulings are assigned for error.

It appears from the complaint that Smith brought suit against Ault before a justice upon two promissory notes, each for the sum of $50, payable to Smith; that, when the action was commenced, Ault was not, and for three months before that had not been, a resident of Delaware county, or of the State of Indiana, but that he then was, and for three months had been, a resident of the state of Pennsylvania; that these facts were known to the plaintiff Smith, and to the constable to whom the writ of summons for Ault had been issued; that Smith, with the intent to cheat and defraud Ault, wrongfully caused and procured the said constable to make a return upon the said writ that he had served the same upon Ault by leaving a copy thereof at his last and usual place of residence in said county; that upon the return day of said summons the justice of the peace proceeded to hear and determine said cause in the absence of Ault and without his knowledge, and, upon such hearing, rendered a judgment on said notes against said Ault for the amount of the principal and interest thereof, with attorney's fees; that at the request of Smith the justice prepared a transcript of the said judgment and proceedings, and filed the same in the office of the clerk of the Delaware Circuit Court; that, at the time of the filing of the said transcript, Ault was the owner of lot three, in block four in Goshorn and Lupton's subdivision of the Walling tract, in the city of Muncie, in said Delaware county, and that, upon the filing of the said transcript in said clerk's office, said judgment became an apparent lien on said real estate; that afterwards the said Ault sold and conveyed the said lot to the said Garrard by deed of general warranty; that Smith afterwards sold and assigned said judgment to the appellant Frankel, who caused an execution to be issued to the sheriff of said county, and was

about to enforce the collection of said judgment by levy upon and sale of the said real estate. The relief demanded was that the judgment be declared void, and that Smith, Frankel, and the sheriff holding the execution be enjoined from enforcing the said judgment against Garrard and Ault, or against either of them.

The sole ground of the motion to strike Ault's name from the complaint was that he was made a party plaintiff without a proper showing or order of court. The court did not err in overruling this motion. The record expressly recites that Garrard, the plaintiff below, asked and obtained the leave of the court to make Ault a party. It appears, also, that the amendment by which Ault was joined as a party plaintiff was made before any answer was filed by the defendants. An amendment at that time could be made as of course, and without leave. §397 Burns 1901, §394 R. S. 1881 and Horner 1901. Besides, the statute, in so many words, authorizes the court at any time, in its discretion, to direct the name of any party to be added; and such order might have been made by the court without request, and in the absence of any formal showing of the reasons therefor. §399 Burns 1901, §396 R. S. 1881 and Horner 1901.

The question of the sufficiency of the facts stated in the complaint as a cause of action, and also of the right of the plaintiffs to sue jointly, was presented by the first ground of the demurrer. *Pence* v. *Aughe,* 101 Ind. 317; *Sinker* v. *Floyd,* 104 Ind. 291; *Louisville, etc., R. Co.* v. *Lohges,* 6 Ind. App. 288.

The separate demurrer of the appellant tested the sufficiency of the complaint as to him, although it alleged generally that the pleading did not state facts sufficient to constitute a cause of action, without the words "as to him." Such a demurrer must be understood as assailing the sufficiency of the complaint, on behalf of the demurring party,

in the same manner, and with the same effect as if he were the sole defendant.

Counsel for appellant earnestly insist that even if the complaint was sufficient as to Ault, the person against whom the judgment sought to be enjoined was rendered, it was not good as to Garrard, the purchaser of the real estate affected by the lien of the judgment, and the case of *Hogg* v. *Link,* 90 Ind. 346, is referred to in support of this position. It is further objected that if the complaint is not good as to either one of the plaintiffs who join in it the pleading is bad as to both. The latter proposition is true, and is sustained by numerous decisions of this court. *Brown* v. *Critchell,* 110 Ind. 31; *McIntosh* v. *Zaring,* 150 Ind. 301; *Brunson* v. *Henry,* 140 Ind. 455.

We are of the opinion, however, that the complaint was sufficient as to each of the plaintiffs. The fact that Ault, the judgment defendant, was a party to the action to set aside and enjoin the collection of the judgment, distinguishes the case from *Hogg* v. *Link, supra.* It has been held in this State that the grantor of real estate with covenants has such an interest in restraining a sale of land under a judgment against a former owner, alleged to have been paid, as to make him a proper party to apply for an injunction. *McCulloch* v. *Hollingsworth,* 27 Ind. 115; *City of Hartford* v. *Chipman,* 21 Conn. 488; *Redwine* v. *Brown,* 10 Ga. 311; High, Injunctions (3d ed.), §145. And in California, the court decided that the purchaser of lands could restrain their sale under a judgment obtained by fraud against his grantor upon showing affirmatively that he would be injured thereby. *Marriner* v. *Smith,* 27 Cal. 649.

The right of Ault, the original judgment defendant, to maintain an action to cancel the judgment, is not questioned. By his suit to annul it he unmistakably indicated that he did not acquiesce in the alleged injury, or waive his legal objections thereto. His complaint disclosed facts

which, if true, rendered it void for fraud. Pending Ault's suit to vacate and annul the judgment, Garrard, his grantee, had the right, at least, to demand an injunction suspending the sale of the real estate purchased by him until the merits of Ault's suit should be determined, and for this purpose we think he was properly joined with Ault as a plaintiff. *Home Ins. Co.* v. *Gilman,* 112 Ind. 7, 9; *Tate* v. *Ohio, etc., R. Co.,* 10 Ind. 174, 71 Am. Dec. 309. The material facts of the complaint were, as we have stated, that the assignor of the appellant sued Ault before a justice of the peace of Delaware county; that Ault was not a resident of Indiana, but that he resided in the state of Pennsylvania; that Smith, with knowledge that Ault was not a resident of Indiana, with the intent to cheat and defraud him, wrongfully caused and procured the constable holding the summons for Ault to make a false return upon it, showing that he had served the writ upon Ault by leaving a copy of it at his last and usual place of residence; that the cause was tried by the justice in the absence of Ault, and without his knowledge; and that the judgment was rendered upon the faith of the false return. The demurrer to the complaint admits these allegations to be true, so far as they are well pleaded. The act of Smith in causing the false return to be made was a fraud both upon Ault and the court in which the suit was pending, and, as such fraud, was a sufficient cause for setting the judgment aside and enjoining its collection. *Brake* v. *Payne,* 137 Ind. 479; *Asbury* v. *Frisz,* 148 Ind. 513; *Earle* v. *Earle,* 91 Ind. 27; *Thompson* v. *McCorkle,* 136 Ind. 484, 492, 493, 43 Am. St. 334; *State* v. *Hindman,* 159 Ind. 586.

The impeachment of the judgment by an action to set it aside and enjoin its collection for fraud in its procurement was a direct, and not a collateral, attack. *State* v. *Hindman, supra,* and authorities cited.

As the justice by whom the judgment was rendered had no equity jurisdiction, and could grant no relief to the

parties affected by the judgment, the suit was properly brought in the Delaware Circuit Court. *Brown* v. *Goble,* 97 Ind. 86; *Cain* v. *Goda,* 84 Ind. 209; *Nealis* v. *Dicks,* 72 Ind. 374; *Earle* v. *Earle, supra; Johnson* v. *Ramsay,* 91 Ind. 189; *Brickley* v. *Heilbruner,* 7 Ind. 488; *Penrose* v. *McKinzie,* 116 Ind. 35. Although regular upon its face, yet as soon as the fraud by which it was procured was shown in a proper proceeding, between proper parties, the judgment became a nullity. *Hogg* v. *Link,* 90 Ind. 346, and cases above cited.

The remaining grounds of demurrer to the complaint were an alleged defect of parties plaintiff, and a misjoinder of such parties. The question attempted to be raised is upon the joinder of Ault with Garrard as a plaintiff. We have already decided that Ault was a proper party. The demurrer, however, presents no question concerning the joinder of Ault which we could consider. A defect of parties, as a statutory cause of demurrer, has always been construed to mean that too few parties had been made, not too many. §341 Burns 1901, §338 R. S. 1881 and Horner 1901; *Bennett* v. *Preston,* 17 Ind. 291; *Hill* v. *Marsh,* 46 Ind. 218. Misjoinder of parties is not a ground of demurrer. *Redelsheimer* v. *Miller,* 107 Ind. 485; *Armstrong* v. *Dunn,* 143 Ind. 433.

The facts stated in the answer of the appellant related only to the apparent regularity of the judgment, and that pleading seemed to assume that, although Smith might have been enjoined from collecting the judgment, his assignee could not. In this the appellant was in error. As such assignee, he took the judgment subject to all defenses which could have been urged against it in the hands of the original judgment plaintiff; and, if void as to him, it was void or voidable in the hands of the appellant. The answer showed no unreasonable delay on the part of Ault in bringing suit to set the judgment aside, and the facts stated by it were not sufficient to constitute an estoppel. The demurrer to the

answer was properly sustained. *Eagle* v. *Ross,* 67 Ind. 110; *Potter* v. *Smith,* 36 Ind. 231, 236; *Scherer* v. *Ingerman,* 110 Ind. 428, 433.

Finding no error in the record, the judgment is affirmed.