## GILLER v. WEST.

[No. 19,955. Filed January 15, 1904.]

PLEADING.—*Misjoinder of Causes.*—It is improper to join a cause of action based upon the alleged unlawful maintenance of a fence constituting a nuisance with causes of actions in other paragraphs of the complaint for the recovery of real estate and to quiet title thereto. *p. 18.*

ACTION.—*Separation of Actions Improperly Joined.*—*Pleading.*—Causes of action stated in different paragraphs of a complaint for the alleged unlawful maintenance of a fence, for the recovery of real estate, and to quiet title, may be separated, on motion, and docketed as distinct actions. *p. 18.*

SAME.—*Separation of Actions Improperly Joined.*—*Separate Appeals.*—A cause of action improperly joined with other causes of action stated in separate paragraphs of a complaint, separated and docketed, stands as a separate action, and an appeal may be taken from a judgment rendered thereon independently of the other paragraphs of complaint. *pp. 18, 19.*

ADJOINING LANDOWNERS.—*Division Fence.*—*Nuisance.*—The fact that a division fence erected by an adjoining lot owner was close and high and made of rough and unsightly materials, and that it cut off the view from plaintiff's lot toward the street, and shaded and thereby injured her garden, did not render the fence a private nuisance, nor entitle the plaintiff to have it abated. *pp. 19-22.*

From Marshall Circuit Court; *A. C. Capron*, Judge.

Action by Harriet B. West against John B. W. Giller. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*J. D. McLaren*, for appellant.
*Charles Kellison* and *H. A. Logan*, for appellee.

DOWLING, J.—Action by the appellee against the appellant and two other persons to recover the possession of certain real estate, to quiet her title to a portion of the

same, and for a mandatory injunction against the maintenance of a partition fence.

The complaint was in four paragraphs. A demurrer to each was overruled, and answers in denial of the several paragraphs were filed by the appellant. The cause was tried by the court, and a finding upon each paragraph of the complaint was made in favor of the appellee. On motion of one of the codefendants of the appellant, the causes of action set forth in the first, second, and fourth paragraphs of the complaint were docketed as a separate suit; that stated in the amended third paragraph of the complaint stood as a distinct action. Appellant's motion for a new trial was overruled, and separate judgments were rendered and entered in favor of the appellee in the two causes so separated and docketed. This appeal was taken from the judgment upon the third paragraph of the complaint so docketed as a separate action.

The errors assigned are the decisions of the court overruling the demurrer to the third paragraph of the complaint, and the motion for a new trial.

The cause of action stated in the third paragraph of the complaint, as amended, which was the alleged unlawful maintenance of a fence constituting a nuisance, was improperly joined with the causes of action set out in the first, second, and fourth paragraphs, which were for the recovery of real estate, and to quiet the appellee's title thereto. §279 Burns 1901, clause 5. While such misjoinder is not ordinarily sufficient ground for a reversal of the judgment, the several causes so improperly united may be separated, on motion, and docketed as distinct actions. §344 Burns 1901; Langsdale v. Woollen, 120 Ind. 16; Lane v. State, ex rel., 27 Ind. 108; Cargar v. Fee, 140 Ind. 572. The procedure in the present case in ordering the several causes of action which were improperly united in the complaint separated and docketed was unobjectionable. After such separation the third par-

agraph of the complaint, as amended, stood as a separate action, and an appeal was properly taken from the judgment therein. The proceedings and judgment on the first, second, and fourth paragraphs of the complaint were neither necessary nor proper parts of the transcript on this appeal.

Did the court err in overruling appellant's demurrer to the third paragraph of the complaint as amended? It was alleged in this paragraph that the appellee was the owner in fee simple of the east half of lot No. 5, and the east half of the north half of lot No. 6, in Brownlee's addition to the town of Plymouth; that she owned a one-story dwelling-house on the northeast corner of the said premises, in which she and her family resided; that the appellant was the owner of an adjacent lot, on which he and his family resided, the same being the only property between appellee's lot and Pierce street, a public street of said city of Plymouth; that in October, 1901, the appellant erected on the division line between appellee's premises and his own a tight board fence, eight feet high by eighty-six feet long, extending from his shed on the east to his barn on the west, making, with those structures, a barrier more than eight feet high and 114 feet long immediately adjacent to the south side of appellee's lot; that a portion of said fence was constructed and maintained partly on the lands of the appellee and partly on the lands of the appellant; that the said fence was solid and shut out the view and the sunshine; that the appellee used her lot for gardening purposes, and that the fence interfered with such use by shading the ground; that before said fence was built the appellee had, for a space of fifty-nine feet, a full, clear, and unobstructed view across appellant's premises to Pierce street; that in building said fence the appellant was actuated by malice only, and constructed the same for the sole purpose of annoying and injuring the appellee and her property, and that he continued to maintain said fence

for that purpose only; that the appellant and his wife, Hannah, had lately begun the construction of another fence on appellee's land, beginning at the northeast corner of appellant's barn, and running northeast across appellee's lot, and had set three fence posts and a number of line stakes on appellee's ground, and intended to construct a fence across her said lot; that in erecting said first-mentioned fence, and said fence across her premises, the appellant acted without consultation with or authority from the appellee, and had built the same of old and rough lumber and material, making said fence unsightly, with its rough side toward her lot; that the appellant would, unless restrained by the court, erect said fence across her said lot, and would continue to injure the production of her garden by shutting off the sunlight by and with the eight-foot tight board fence, and would continue to cut off the view from, and the enjoyment of, her said premises; that appellee's property has been and will be damaged. Prayer that the appellant be enjoined, from erecting the fence across the appellee's lot, and from cutting off the sunlight and view from her premises, and from maintaining said tight board fence on said division line between said lots, and for damages.

This paragraph states no sufficient ground for an injunction or other relief. The fact that the division fence erected by the appellant was close and high, and made of rough and unsightly materials, and that it cut off the view from appellee's lot toward Pierce street, and shaded and thereby injured her garden, did not render the fence a private nuisance, nor entitle the appellee to have it abated. The appellant had the right to build a partition fence, a house, or any other structure on his premises, and along the entire length of the line dividing them from the real estate owned by the appellee. The latter had no easement of light, air, or view in or over the appellant's lots, and she had no legal cause for complaint if these were interfered with

or entirely shut off by the erection of a fence, house, or other building. The appellant had the right to use his premises, and every part of them, for any lawful purpose which did not deprive the adjacent owner of any right of enjoyment of her property recognized and protected by law. The erection and maintenance of a division fence thereon was a lawful use of the appellant's land, and no legal right of the appellee was violated or invaded thereby. Had the appellant erected a house thirty feet high and 114 feet long on the part of his lot adjacent to the appellee's premises, thereby in a much more serious manner cutting off the sunlight, air, and view from appellee's lot and residence, she could not have been heard to complain of such use of his land. If appellant could lawfully construct such a building on his lot, he could, without doubt, lawfully erect and maintain a close fence, eight feet in height, on the division line. That it was rough and unsightly made no difference. The law does not require that such fences shall be constructed of fine materials, or that they shall be attractive in appearance.

The motives of the appellant in putting up and maintaining the division fence were unimportant. He had a legal right to construct and keep up the fence, and, having such right, his motives in asserting and exercising it did not impair or destroy the right. §5746 Burns 1901; *Keiper* v. *Klein,* 51 Ind. 316; *Stein* v. *Hauck,* 56 Ind. 65, 26 Am. Rep. 10; *Taylor* v. *Fickas,* 64 Ind. 167, 31 Am. Rep. 114; *Russell* v. *State,* 32 Ind. App. 243; *Mahan* v. *Brown,* 13 Wend. 261, 28 Am. Dec. 461; *Chatfield* v. *Wilson,* 28 Vt. 49; *Letts* v. *Kessler,* 54 Ohio St. 73, 42 N. E. 765, 40 L. R. A. 177; *Phelps* v. *Nowlen,* 72 N. Y. 39, 28 Am. Rep. 93; *Walker* v. *Cronin,* 107 Mass. 555; *Guest* v. *Reynolds,* 68 Ill. 478, 18 Am. Rep. 570.

The very vague and uncertain averment that the fence was partly on the land of the appellee, is not sufficient to entitle her to any relief. Nor does the allegation that

the appellant was about to build an ordinary fence across the rear end of appellee's premises give her the right to an injunction. The acts charged to have been done by the appellant amounted at most to a trespass, for which an action of ejectment or for damages would have furnished a full and adequate remedy.

The third paragraph of the complaint as amended was insufficient, and the demurrer to it should have been sustained.

Judgment reversed, with instructions to sustain the demurrer to the third paragraph of the complaint as amended, docketed as a separate action, and for further proceedings in conformity to this opinion.