WOLF ET AL. *v.* FORCUM ET AL.

[No. 18,995. Filed September 28, 1959.]

11

*John D. Clouse,* of Evansville, for appellants.

*Paul B. Wever* and *Wever & Wever,* of Evansville, for appellees.

BIERLY, J.—Appellants complained of the appellees by filing a complaint in two paragraphs. Omitting the formal parts thereof, the complaint in formal substance alleged as follows:

"No. C-6023—FIRST PARAGRAPH OF COMPLAINT FOR DAMAGES FOR NUISANCE

"Plaintiffs complain of the defendants, and each of them, and for cause of action, allege:

"1. That plaintiffs are the owners of real estate at what is commonly known as 2024 West Pennsylvania Street, Evansville, Indiana. That there is a dwelling house upon said property.

"2. That sometime during the month of July, 1955, the defendant Purdie Forcum, then the owner of real estate immediately west of plaintiffs at what is commonly known as 2026 West Pennsylvania Street, Evansville, Indiana, began to construct, on said real estate, a restaurant building. That sometime thereafter, the exact time which is unknown to plaintiffs, the defendant Forcum conveyed said real estate to the defendants Grimwood, who completed the construction of said restaurant.

"3. That said restaurant was constructed upon the east property line of the defendants, approximately one (1) foot from the plaintiffs' said dwelling house, and its construction in such close proximity, and its present maintenance in said position constitutes an obstruction to the free use of plaintiffs' property, so as essentially to interfere with the comfortable enjoyment of said property, in that it obstructs plaintiffs' light, air, view, and the ability of plaintiffs to maintain their said dwelling house.

"4. That before the construction of said restaurant plaintiffs' real estate, including the improvements thereon, was of the reasonable value of $9,200.00, but since the construction of said restaurant building, and because of it, plaintiffs' real estate has been reduced to the reasonable value of $7,700.00.

"WHEREFORE, plaintiffs demand judgment against the defendants, and each of them, in the sum of Fifteen Hundred Dollars ($1,500.00).

"SECOND PARAGRAPH OF COMPLAINT— COMPLAINT FOR DAMAGES FOR LOSS OF LATERAL SUPPORT

"Plaintiffs complain of the defendants, and each of them, and for their second paragraph of complaint allege:

"1. Plaintiffs incorporate herein, by reference rhetorical paragraph No. 1 of their first paragraph of complaint.

"2. Plaintiffs incorporate herein, by reference, rhetorical paragraph No. 2 of their first paragraph of complaint.

"3. That in the construction of said restaurant building, defendants excavated dirt right up to the west property line of the plaintiffs' said real estate, and thereby removed the lateral support of plaintiffs' back yard, causing the dirt to wash away, and plaintiffs' back yard fence to be weakened and begin to collapse.

"4. That before said excavation plaintiffs' real estate was of a reasonable value of $9,200.00, and

after said excavation, and because of it, said real estate is of a reasonable value of $8,200.00.

"WHEREFORE, plaintiffs demand judgment against the defendants, and each of them, in the sum of $1,000.00."

To the several paragraphs of said complaint appellees addressed a demurrer on the ground that neither of said paragraphs stated facts sufficient to constitute a cause of action against the appellees. The court sustained the demurrer to each paragraph of said complaint and, upon refusal to plead further, rendered judgment that they take nothing thereby and that appellees recover their costs. From this judgment appellants bring this appeal, assigning as error the action of the trial court in the sustaining of the appellees' said demurrer.

Appellants first contend that the demurrer should have been overruled because it was a "speaking demurrer" in that it made reference to an ordinance not pleaded in the complaint and, in effect, requested the court to take judicial notice or knowledge of the above mentioned ordinance. It suffices to dispose of this contention to note that even if the demurrer be conceded to be insufficient in form and substance as appellants say, there is no reversible error by the trial court in sustaining it, if the complaint, in fact, is insufficient for want of facts. *State ex rel. Flannigan* v. *Palmer* (1915), 184 Ind. 7, 110 N. E. 213.

In pertinent effect, appellants' first paragraph of complaint alleges that appellees constructed a building on appellees' property, the east side of which is approximately one (1) foot west of the west side of appellants' dwelling house, and that appellees' said building constitutes an obstruction to the free use of

appellants' "property" and interferes with the comfortable enjoyment thereof by obstructing appellants' "light, air, view" and the ability of appellants to maintain their said dwelling house. It is further alleged that the value of appellants' "real estate" has been reduced by the construction of appellees' said building. There are no allegations in the complaint of any prescriptive rights in the appellants, nor that the erection by appellees of their said building in the manner stated violated the provisions of any ordinance, statute, or zoning law. There are no allegations in the first paragraph of the complaint tending to show any nuisance or violation of any right of appellants by reason of the *use* to which appellees put their said building. Furthermore, the complaint was devoid of any allegation that any part of appellees' building encroached upon any part or portion of appellants' land.

In brief, the said first paragraph of appellants' complaint simply states that appellees built their building so that the east side thereof is one (1) foot from appellants' dwelling, thereby obstructing the latter's light and air and their "free use" thereof. The appellees are not charged in said first paragraph of complaint with doing anything that was illegal or that they had no legal right to do. It is thus apparent that said paragraph of the complaint is predicated solely upon the theory that the construction by appellees of their said building "in such close proximity" constituted "an obstruction to the free use" of appellants' "property" and "so as essentially to interfere with the comfortable enjoyment" of said "property." The aforesaid quoted words are found in the statute defining "nuisance" as a special cause of action. See §2-505, Burns' 1946 Replacement.

The first paragraph of complaint under consideration does not allege or charge that appellees' building is per se a nuisance. The only logical construction that can be placed on said paragraph of complaint is that appellees' building is a nuisance because "it obstructs plaintiffs' (appellants) light, air, view, and the ability of plaintiffs to maintain their said dwelling house." What the inability of the appellants to maintain their dwelling house consisted of, or how, or in what way appellees' building interfered therewith is not disclosed by appellants' complaint. Appellants have furnished us with no authority, nor do we know of any, which holds that in erecting a building within the legal boundaries of his own land, the builder must erect it at such distance from his neighbor's building and in such a manner as that the ability of the neighbor to maintain his building will in all respects remain unobstructed. The "ability" of appellants to "maintain" their dwelling is not a legal right which was violated or invaded by the lawful use of the appellees of their own premises in erecting a building thereon which did not reach appellants' property in a physical sense. *Giller* v. *West* (1904), 162 Ind. 17, 20, 21, 69 N. E. 548; *Russell* v. *State* (1904), 32 Ind. App. 243, 245, 69 N. E. 482.

Appellants possessed no absolute property in the air and light they allege was obstructed by appellees' building. Air and light are neither appurtenances nor hereditaments. *Keiper et ux.* v. *Klein et al.* (1875), 51 Ind. 316, 322. Nor do appellants possess any easement of light, air or view, and have no legal cause for complaint for interference therewith by the lawful erection of a building on appellees' land. *Giller* v. *West, supra.* In the latter cited case the court said, apropos here:

"Had the appellant (appellees here) erected a house thirty feet high and 114 feet long on the part of his (their) lot adjacent to the appellee's (appellants here) premises, thereby in a much more serious manner cutting off the sunlight, air and view from appellee's (appellants here) lot and residence, she (they) could not have been (cannot be) heard to complain of such use of his (their) land."

The said first paragraph of appellants' complaint contains no allegations showing the violation or invasion of any of their legal rights by appellees in the use of their land and the erection of their building thereon.

Wherefore there was no error by the trial court in sustaining appellees' demurrer to said first paragraph of appellants' complaint.

The second paragraph of appellants' complaint alleges that appellees "excavated dirt" up to the property line of appellants' land and "thereby removed the lateral support" of the appellants' "back yard", "causing the dirt to wash away" and the "back yard fence" to be weakened and begin to collapse. It is further alleged that their real estate was of less reasonable value after said excavation than it was before. Appellees' demurrer admits all well pleaded facts in said paragraph of complaint and all reasonable inferences therefrom; and, upon said demurrer, all facts will be deemed stated that can be implied by a fair and reasonable intendment from the allegations made. *Walker et al.* v. *Ellis* (1956), 126 Ind. App. 353, 358, point 1, 129 N. E. 2d 65.

Said second paragraph of complaint does not charge negligence on the part of appellees in said excavation of dirt. Appellants had an absolute right of lateral support for their land from the adjoining land of appellees, and appellants have

a right of action for the violation of the said absolute right of lateral support of their said land without reference to any act or acts of negligence by the appellees in making the alleged excavation. *Schmoe* v. *Cotton* (1906), 167 Ind. 364, 368, 79 N. E. 184. It follows that said second paragraph of complaint stated a cause of action for violation of appellants' absolute right of lateral support of their land in its natural condition. As the complaint charged no negligence by appellees, there can be no recovery for any damages to artificial structures. *Schmoe* v. *Cotton, supra.*

The judgment of the trial court entered upon the sustaining of the demurrer to the first paragraph of appellants' complaint is affirmed. That part of the judgment entered by the trial court upon the sustaining of the demurrer to the second paragraph of appellants' complaint is reversed and the cause is remanded with instructions to overrule said demurrer to said second paragraph of complaint, and for further proceedings not inconsistent herewith.

Gonas, C. J., Kelley and Smith, JJ., concur.

NOTE.—Reported in 161 N. E. 2d 175.