McCRAY MEMORIAL HOSPITAL ET AL. *v.* HALL.

[No. 20,391. Filed June 12, 1967. No Petition for Rehearing filed.]

*Thomas W. Yoder* and *Livingston, Dildine, Haynie & Yoder,* both of Fort Wayne, for appellants.

*Nelson G. Grills* and *Appelgate, Collins, Grills & Suess,* both of Indianapolis, and *Emerick & Diggin,* of Kendallville, all for appellee.

CARSON, P. J.—This is an appeal from the Noble Circuit Court in an action wherein the appellee, John D. Hall, sought an injunction against the McCray Memorial Hospital and the members of the Board of Directors thereof. The issues were formed on the appellants' amended complaint for an injunction, the appellants' answer in six (6) paragraphs. The first paragraph in compliance with Rule 1-3 of the rules of the Supreme Court, and the remaining five paragraphs alleging certain affirmative defenses. To the affirmative paragraphs

of answer, the appellee-plaintiff below, filed a reply pursuant to Rule 1-3. By the issues thus formed, the appellee sought to enjoin the appellants from denying him the use of the facilities of the hospital for the general practice of medicine, exclusive of surgery, and to require appellants to admit patients of the appellee to said hospital which patients were taxpayers or dependants of taxpayers in Noble County in Indiana. Trial was by the court without intervention of a jury, and the court after making special findings of fact and stating its conclusions of law thereon found for the plaintiff-appellee and entered judgment as follows:

> "It is therefore considered, adjudged and decreed by the Court that Defendant be permanently enjoined from denying the hospital and its facilities to Plaintiff for the practice of medicine therein, exclusive of surgery, and that Defendant shall admit patients of plaintiff to Defendant hospital who are taxpayers or dependents of taxpayers of Noble County, Indiana, under the care of Plaintiff. It is further ordered, adjudged and decreed by the Court that the Defendant shall pay the costs of this action made and taxed in the sum of $————."

During the formation of the issues by the pleadings, both parties addressed motions to strike, motions to make more specific, and demurrers to the pleadings of the other party all of which motions and demurrers were overruled by the court. The defendant-appellants filed a motion for a new trial which motion contained four specifications:

> "1.  The Court erred in overruling defendants' Motion To Make More Definite And Certain, filed December 3, 1963, and addressed to plaintiff's Amended Complaint For Injunction.
> "2.  The Court erred in overruling defendants' Demurrer, filed March 17, 1964, and addressed to plaintiff's Amended Complaint For Injunction.
> "3.  The decision of the Court is not sustained by sufficient evidence.
> "4.  The decision of the Court is contrary to law."

The motion for a new trial was overruled which ruling was the basis of the assignment of errors of the defendant-appellants.

We shall consider the errors assigned by the defendant-appellants in the order in which they are presented in the motion for a new trial. Propositions Nos. 1 & 2, present the same general question for our consideration and therefore we shall dispose of them together. It has been held many times by this court and by our Supreme Court that rulings on motions to make more definite and certain, will not be disturbed unless it is manifest that the trial court grossly abused its discretion to such a degree that the rights of the complaining party were prejudiced and prevented the complaining party from having a fair trial under the issues. We failed to find such error on the part of the trial court.

It has been repeatedly held by the Supreme Court and this court that a demurrer to a complaint admits all facts well pleaded and all reasonable inferences to be deduced therefrom. In applying that test to the plaintiff's complaint in this case, we feel that the complaint contained all necessary allegations and that it did state a cause of action against the defendant-appellants. We therefore hold that the trial court committed no error in overruling the defendants' demurrer to the plaintiff's amended complaint.

Proposition No. 3 requires us to weigh the evidence. The defendant-appellants do not deny that there is some evidence on all of the issues formed by the pleadings and that the evidence is in conflict. We have repeatedly held that we do not weigh the evidence nor pass upon the credibility of the witnesses. The determination of these questions rests solely with the trial court.

The fourth proposition urged by the defendant-appellants does however require us to consider whether or not the de-

cision of the court, when considering all of the evidence most favorable to the appellee and the reasonable inferences to be drawn therefrom, nevertheless denied the defendant-appellants the relief to which they were entitled under the law. *Pokraka, et al.* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669.

In support of their last proposition, the defendant-appellants contend that Burns' Statutes 22-3314, confers no absolute right on the appellee to practice medicine in McCray Memorial Hospital. For the purpose of clarity in this opinion, we set out the provisions of that statute:

"Any hospital supported by funds provided by a county unit of government authorized to levy taxes shall provide the use of its facilities to all taxpayers within its jurisdiction and to dependents of such taxpayers under the care of the physician of their choice if such physician possesses a license to practice medicine without limitations issued by the Indiana state board of medical registration and examination: *Provided, that the provisions of this act [section] shall not deprive the governing board of such a hospital of the right to adopt and enforce reasonable rules and regulations concerning the use of such hospitals and its facilities by such physicians: Provided, further, that denial of the use of such hospital and its facilities to such a licensed physician who is a resident of the county shall be prima facie evidence of a violation of this act [section]. [Acts* 1961, ch. 276, § 1, p. 624.]" (Our Emphasis)

Pursuant to the statutes and the organization of the hospital, the Board adopted certain rules and regulations specifying the procedure for the operation of the hospital. The pertinent rule which was applied in this case by the hospital board is Amendment No. 1, which was to become effective on the Fourteenth of August, 1958, and reads as follows:

"The membership of the Medical Staff of said hospital shall consist of such physicians and dentists as have been or will be appointed by the governing body of said hospital.
"Any applicant for membership on this said medical staff shall hold an unlimited license to practice medicine in the State of Indiana. The applicant shall be a graduate of a

school of medicine approved by the A. M. A. and shall have had a one-year internship in a hospital accredited by the J. C. A. H. and he (or she) shall be assigned to the division of the medical staff on which best qualified to serve and with such privileges as are ethically consistent with the education and training of the individual and will adequately protect the care of the patient. Such privileges shall be recommended by the Executive Committee of the active Medical Staff and become effective when approved by the Governing Board.

"To be effective August 14, 1958."

The appellee herein, Dr. Hall, filed application with the hospital board to practice medicine in said hospital, exclusive of surgery.

The record discloses that the defendant-appellant was represented at a meeting with the Board of Directors of the McCray Memorial Hospital by an attorney. It does not disclose that the plaintiff-appellee ever appeared before the board or was ever given an opportunity to testify in his own behalf or question any witnesses who produced evidence against him. After this informal meeting, the board denied the use of its facilities to the plaintiff and it was on the basis of that denial that the plaintiff-appellee filed his complaint in the Noble Circuit Court for an injunction.

The trial court, after hearing evidence of the plaintiff-appellee and of the defendant-appellant, made its special findings of fact and conclusions of law which omitting the caption reads as follows:

"1. That the Acts of 1961, Chapter 276, Burns' Indiana Statutes, 1964 Replacement, Sec. 22-3314, became a law of the State of Indiana on Juy 6, 1961, and has continuously been in full force and effect since that date.

"2. That Plaintiff, Dr. John D. Hall, is a resident of Noble County, Indiana, and possesses a license to practice medicine without limitations, issued by the Indiana State Board of Medical Registration and Examination.

"3. That Defendant, McCray Memorial Hospital, is a hospital supported by funds provided by a county unit of government authorized to levy tax.

"4. That Plaintiff made application for membership on the medical staff of Defendant hospital on August 5, 1961. That Defendant was informed that said application was to exclude surgery.

"5. That the by-laws of the medical staff and dental staff, Rules and Regulations of Defendant hospital, as amended, provide as follows:

(Here, the Court set out as a finding the provisions of Amendment 1, heretofore appearing on Page 5 of this opinion.)

"6. That Defendant by its Board of Governors denied Plaintiff's application and denied Plaintiff the use of such hospital and facilities on April 8, 1963, for the following reasons:

    a. Short duration of applicant's original training:

    b. Plaintiff was not a graduate of any approved medical school:

    c. Applicant served no internship;

    d. Applicant's application is inaccurate and misleading, in that it implies that the applicant has had more experience in surgery and obstetrics than has actually been the case;

    e. 'It is the feeling of physicians who have practiced in this community that the quality of Plaintiff's work is not such that they can conscientiously recommend him for staff membership, particularly in view of the fact that all other staff members have fulfilled the aforesaid qualifications, and the Board of Governors does not believe that it can make a glaring exception in the case of John D. Hall.'

"7. That the evidence does not disclose any inaccurate or misleading statements in Plaintiff's application and does not establish that Plaintiff has been guilty of dishonorable or unprofessional conduct or that Plaintiff is incompetent to practice medicine.

"Conclusions of Law:

"1. That the requirements for admission to practice medicine, exclusive of surgery, in Defendant hospital, to-wit: definite time of training, graduation from approved medical school and internship, are not reasonable rules and regulations concerning the use of a hospital and its facilities such as contemplated by the Acts of 1961, Chapter 276.

"2. The action of the Board of Governors in denying Plaintiff's application was arbitrary and capricious and a violation of the Acts of 1961, Chapter 276.

"3. Plaintiff is entitled to the relief sought."

Upon such special findings of fact and conclusions of law, the court entered judgment granting the plaintiff-appellee the relief sought and permanently enjoined the hospital and the members of the board from denying the use of the hospital facilities to the plaintiff for the practice of medicine exclusive of surgery and provided that patients of the plaintiff-appellee who were taxpayers or dependents of taxpayers of Noble County under the care of the plaintiff-appellee should be admitted as patients to the hospital.

The defendant-appellant filed a motion for a new trial which we have heretofore set out in this opinion.

It is necessary that we now examine the argument portion of the defendant-appellants' brief to determine exactly what points are urged in support of the requested reversal of the judgment of the trial court. We have heretofore disposed of the points raised by the appellant with reference to the rulings of the trial court on the motions and demurrer and the specification that the decision of the court is not sustained by sufficient evidence. The assignment that the decision of the court is contrary to law presents three basic questions for our consideration: first, was the amendment to the by-laws of the hospital reasonable in light of the language used by the Legislature in prescribing the terms and conditions for the admission to practice of physicians in public hospitals; and second, if the rule was reasonable then was the action of the hospital board arbitrary and capricious; and third, applying the rule in *Pokraka* v. *Lummus Co., supra* and *Hinds, Executor, Etc.,* v. *McNair, et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553, considering the evidence most favorable to the appellee and all reasonable inferences that could be drawn

therefrom, did the trier of the fact arrive at a conclusion contrary to that which would have been reached by reasonable-minded men.

We think that the rule of the hospital was not reasonable in requiring more rigid training than that required by the laws of the State of Indiana with reference to the examination and admission of an individual to have a general license to practice medicine in the State of Indiana; that the attempt on the part of the hospital to establish more stringent rules for practice within its local jurisdiction than that required for a general license to practice medicine in the State of Indiana exceeded the rule of reasonableness. Several cases have been decided in the United States alluding to the right of a hospital to deny a doctor the right to practice where he held a general license to practice in his state and was willing to comply with the reasonable rules and regulations of the hospital. *J. Darrell Ware, et al.* v. *Alex Benedikt* (1955), 225 Ark. 185, 280 S. W. 2d 234; *Rosner* v. *Eden Township Hospital District* (1962), 58 Cal. 2d 592, 375 P. 2d 431, 25 Cal. Rep. 551; *State ex rel. Wayne Bronaugh* v. *The City of Parkersburg, West Virginia, etc., et al.* (1964), 148 W. Va. 568, 136 S. E. 2d 783.

In the latter case, at page 787, we find this statement:

> "A physician or surgeon who is not permitted to practice his profession in a hospital is, as a practical matter, denied the right to fully practice his profession."

We also call attention to the case of *Wyatt* v. *Tahoe Forest Hospital District* (1959), 174 Cal. App. 2d 709, 345 P. 2d 93:

> "It should also be noted that the rule of respondent hospital which sets up the standard for admission to the staff, namely, that only physicians and surgeons whose background, experience, and training insures in the judgment of the board that any patient will be given the best possible care, is too vague and uncertain to be used as the basis for the exclusion of an applicant."

In the case of *Henderson* v. *City of Knoxville* (1928), 157 Tenn. 477, 60 A. L. R. 652, 9 S. W. 2d 697, at p. 698, the Supreme Court of Tennessee said:

> "The defendant was not charged with violating either of these statutes, and so long as he stays within the law he has a right to practice in the public hospitals of the state; provided, of course, that he conforms to all reasonable rules and regulations of the institutions. But neither the city nor the hospital authorities can prescribe rules or regulations that contravene or conflict with the state laws."

We now come to consideration of the entire record in this case. It has long been the rule of Indiana that the burden is upon the appellant to establish such error on the part of the trial court as to prejudice the rights of the appealing party. We have applied the rule in *Pokraka* v. *Lummus Co., supra,* and decide that the conclusion arrived at by the trial court did not deprive the defendant-appellants of a fair trial; that the decision of the trial court was reasonable, fair and just; that the defendant-appellants have not demonstrated that this court should reverse the action of the trial court; and therefore the finding and decision of the trial court should be affirmed.

Judgment affirmed.

Faulconer, J., and Prime, J., concur.

While Wickens, J., participated in the hearing of the oral argument and conference of the Judges above named, he did not participate in the adoption of this final opinion.

NOTE.—Reported in 226 N. E. 2d 915.