HANCOCK COUNTY REMC *v.* CITY OF GREENFIELD ET AL.

[No. 968-S-151. Filed January 28, 1970. No petition for rehearing filed.]

*William H. Wolf, Raymond S. Robak, Wolfe & Robak,* Greenfield, *W. H. Parr, Parr, Richey, Obremskey & Pedersen,* Lebanon, for appellant.

*Kenneth M. McDermott, Peter D. Shumacker,* Greenfield, *G. R. Redding, Virgil L. Beeler,* Indianapolis, for appellees.

JACKSON, J.—This action was instituted on August 29, 1967, by appellant bringing an action in the Hancock Circuit Court wherein it sought a restraining order, temporary injunction and a permanent injunction. The complaint was drawn in three (3) legal paragraphs. Appellant seeks to restrain appellee from constructing, maintaining and operating electric distribution lines in territory allegedly assigned to appellant by a Certificate of Public Convenience and Necessity issued to it by the Indiana Public Service Commission after purchase by appellant of physical assets, lines, easements, certificates, etc. from appellee City; and from selling electrical energy to any consumer in the territory allegedly sold to the appellant by appellee City and now covered by the aforementioned Certificate of Public Convenience and Necessity. The complaint and accompanying exhibits cover more than forty pages of transcript and of necessity are omitted here.

Appellee filed a Demurrer to appellant's complaint, accompanied by memorandum. Such demurrer, omitting heading, formal parts and signatures, reads as follows:

"DEMURRER

Defendants in the above entitled cause demur to pleading paragraphs I, II and III of the plaintiff's complaint and for grounds for demurrer:

That pleading paragraph I fails to state facts sufficient to state a cause of action against defendants.

That pleading paragraph II fails to state facts sufficient to state a cause of action against defendants.

That pleading paragraph III fails to state facts sufficient to state a cause of action against defendants.

### MEMORANDUM

Burns' 55-4418a indicates clearly that the REMC's right to serve within an area annexed to a city is contingent upon actual service within that area immediately prior to the annexation, and then only to *that portion* of the area in which it had been serving. Thus, if the REMC had had existing service within the annexed area immediately prior to the annexation, it would have the right to continue *that* service until the city utility condemned the property connected with that service. The complaint does not allege what service the REMC had immediately prior to the annexation; nor does it allege that the City of Greenfield is serving in a portion of the annexed area in which the REMC had provided service immediately prior to the annexation; nor does the complaint state that the REMC is not still providing whatever electric service it might have had prior to the annexation. The only mention of service in the complaint is the allegation that the REMC was sending service to the area.

The statute does not say that the city must condemn an annexed area or all of the property in an annexed area before it may serve there. All the statute says is that the REMC may continue its existing service in the portion of the annexed area in which it was serving immediately prior to annexation.

The complaint is based on the theory that the city is required to condemn an annexed area before it may begin to serve. The REMC would have us believe that it owned an area. The statute clearly says that the property which must be condemned is 'the property owned by the other utility within the annexed territory and used and useful by the other utility in or in connection with the rendering of electric utility service therein.' In *Public Service Co.* v. *City of Lebanon* the court held that in a municipalities condemnation action against a public utility, it was not error to limit valuation evidence to physical property and to exclude franchise and intangible values.

Thus if the REMC had no tangible property within the annexed area or used in conection with service to the annexed area at the time of annexation, it has no right to serve in that area now. Nowhere, does the complaint allege that the REMC had any property whatsoever within the area at the time of annexation. For these reasons, pleading paragraphs I, II, and III fail to state a cause of action.

Pleading paragraph II further fails to state a cause of action because the statute involved is inapplicable to the City of Greenfield. Plaintiff proports to be proceeding under *Burns'* 55-4418(e), a section of the REMC Act which imposes a penalty upon 'any corporation formed, or admitted to do business, under this act.' The electric utility of the City of Greenfield was not formed under the REMC act; nor was it alleged. For further grounds for demurrer to pleading paragraph II of the complaint, I would like to direct this Court's attention to *Evansville and Ohio Valley R. Co.* v. *Southern Indiana Rural Electric Corp.*, 231 Ind. 648, 109 N. E. 2d 901, which declared Burns' 55-4418(d), a very similar statute, unconstitutional because it represents class legislation within the meaning of the Indiana Constitution."

On May 23, 1968, appellees' Demurrer was sustained and plaintiff-appellant ordered to plead over within 15 days or suffer default.

Thereafter, on June 20, 1968, defendant-appellees' Motion to Default, filed as of June 10, 1968, was sustained.

The Assignment of Error is the single specification:

"The Court erred in sustaining the demurrer of Appellees to Appellant's complaint."

The only question properly before us for decision, at this time, is did or did not the trial court commit reversible error in sustaining appellees' demurrer?

A demurrer admits as true the allegations of the pleading to which it is addressed. *McCray Memorial Hospital* v. *Hall* (1967), 141 Ind. App. 203, 226 N. E. 2d 915; *Wolf* v. *Forcum* (1959), 130 Ind. App. 10, 161 N. E. 2d 175; *Lincoln Operating Co.* v. *Gillis* (1953), 232 Ind. 551, 114 N. E. 2d 873.

That being true then all that is necessary to sustain plaintiff-appellant's complaint is that it state a cause of action against appellees. Further, where the sufficiency of a ■ complaint is attacked by a demurrer, and there has been no motion to require the complaint to be made more specific, the complaint will be liberally construed to sustain its validity. *Automobile Underwriters, Inc.* v. *Smith-* (1960), 131 Ind. App. 454, 166 N. E. 2d 341; *Budkiewicz* v. *Elgin, Joliet and Eastern Ry. Co.* (1958), 238 Ind. 535, 150 N. E. 2d 897; *Lincoln Operating Co.* v. *Gillis, supra.*

As heretofore stated the appellant's complaint is in three (3) legal paragraphs, each of which contains numerous rhetorical paragraphs; legal paragraphs 2 and 3 each incorporate, by reference, the first fifteen (15) rhetorical paragraphs of legal paragraph 1. Rhetorical paragraphs 9 and 10 of legal paragraph 1 state:

"9. That since May 7, 1946, the Hancock County Rural Electric Membership Corporation has served continuously and is now serving those areas described in the order of the Public Service Commission and the Deed and Bill of Sale, which includes said above described real estate.

10. That since the acquisition of said area from the City of Greenfield, Indiana, the Hancock County Rural Electric Membership Corporation has completely rebuilt the lines and is continually upgrading the electrical load and service. That said Hancock County Rural Electric Membership Corporation has spent many thousands of dollars to provide the best possible electrical service for this area."

The gravamen of the appellees' demurrer is that the appellant's complaint fails to allege that the appellant, at the time of the annexation, was serving the area and maintained property within the annexed area. However, liberally construing the complaint in favor of the pleader, we conclude that rhetorical paragraphs 9 and 10 of legal paragraph I of the appellant's complaint adequately allege both service to the annexed area and ownership of property within that area. We, there-

fore, cannot say as a matter of law that the appellant's complaint fails to state a cause of action.

The cause is reversed and remanded to the trial court with instructions to overrule appellees' demurrer and for further proceedings not inconsistent with this opinion.

Hunter, C.J., and Arterburn, DeBruler and Givan, JJ., concur.

NOTE.—Reported in 254 N. E. 2d 865.