## GILL v. WILKE.

[No. 768S120. Filed March 4, 1970. No petition for rehearing filed.]

*William N. Mills, Bangs, Mills & Rollo,* of Huntington, for appellant.

Owen W. Crumpacker, Harold Abrahamson, Kenneth D. Reed, Richard P. Komyatte, and Crumpacker & Abrahamson, all of Hammond, for appellee.

JACKSON, J.—This is an appeal from a judgment of the Wabash Circuit Court entered after the court sustained appellee's demurrer to a cross complaint filed by appellant, and the appellant refused to plead over.

The factual situation as disclosed by the pleadings and the record herein is that at all times herein mentioned appellant has been a resident of Wabash County, Indiana. On the 4th day of February, 1955, appellant and appellee were joined as co-defendants in an action instituted in the Lake Circuit Court by one Norbert Hutmacher on a personal check issued by appellee Wilke, endorsed by appellant Gill and cashed by Hutmacher. Payment on the check was stopped by appellee Wilke. The record and pleadings further disclose that on the 28th day of July, 1961, in the Lake Circuit Court, the plaintiff Norbert Hutmacher and the appellee Martha Wilke, both in person and by counsel, came before that court and plaintiff Hutmacher dismissed his cause of action therein against the appellee Wilke, and thereafter immediately took judgment against the above named appellant, Raymond Gill, in the total sum of $1091.90. This sum is made up of the amount of the check, $595.00; interest at 6% from August 9, 1954, to date of judgment, 7-28-61, and attorneys' fees of $250.00, with all costs to be taxed against defendant Gill. Thereafter, on the 14th day of September, 1961, plaintiff Hutmacher assigned said judgment to appellee Wilke.

On the 18th day of March, 1967, appellee Wilke filed a complaint in proceedings supplementary to execution in the Wabash Circuit Court. The complaint was based on the judgment obtained by Hutmacher against the appellant Gill in the Lake Circuit Court, and thereafter assigned by plaintiff Hutmacher to appellee and former co-defendant Wilke.

The appellant was ordered to appear and answer as to his

assets and on August 15, 1967, appellant was ordered by the Wabash Circuit Court to pay the sum of Fifty Dollars ($50.00) per month on said judgment.

Thereafter, on May 31, 1968, appellant Gill filed a cross-petition or complaint for temporary and permanent injunction in the Wabash Circuit Court to enjoin collection of the judgment.

In order that the issues involved in this action be clearly delineated the writer is including herein the pertinent parts of the complaint supplemental, the cross complaint, demurrer and ruling thereon.

The judgment of the Lake Circuit Court, in pertinent part, is as follows:

> "ORDER
>
> Come now the plaintiff and the defendant Martha Wilke in person and by counsel, and the plaintiff asks and is granted permission to dismiss his action against the defendant Martha Wilke.
>
> The court, being fully advised in the premises, now finds that the material allegations of the plaintiff's complaint are true; that defendant Raymond Gill is indebted to the plaintiff in the sum of $595.00 as the immediate indorser of the check sued upon by the plaintiff; and the court further finds that the plaintiff is entitled to interest on said indebtedness at the rate of 6% per annum from August 9, 1954, to this date, in the sum of $246.90, and that the plaintiff is entitled to a reasonable attorney fee which the court now fixes at $250.00.
>
> IT IS, THEREFORE, CONSIDERED, ADJUDGED AND DECREED BY THE COURT that the plaintiff have judgment against defendant Raymond Gill in the amount of $1091.90, and that all costs herein be taxed against defendant Raymond Gill.
>
> DATED: July 28, 1961."

The complaint in proceedings supplementary to execution, in pertinent part, reads as follows:

> "Comes now the plaintiff and alleges and says:
>
> (1) That on the 28th day of July, 1961, Norbert N. Hutmacher obtained judgment against Raymond Gill in the

Lake Circuit Court at Crown Point, Indiana, in the amount of $1091.90 plus costs. Said judgment was rendered with jurisdiction over the parties and the subject matter in Cause No. C55-104 in the Lake Circuit Court. Thereafter and for good and valuable considerations, said judgment was assigned by Norbert N. Hutmacher to plaintiff Martha Wilke.

(2) Thereafter, and on or about November 21, 1966, the judgment of the Lake Circuit Court as aforesaid, was duly entered by J. Howard Hetzler, Clerk of this Court, in the manner provided for by law. The judgment having been duly recorded, unsatisfied and unpaid, and pursuant to direction of the plaintiff, execution was issued against Raymond Gill, which execution has been returned unsatisfied.

(3) The defendant has property, income and profits in Wabash County which he unjustly refused to apply to the satisfaction of said judgment.

WHEREFORE, plaintiff prays that said defendant Raymond Gill be ordered to appear before this Honorable Court at a time and place to be determined by the Court to testify as to his property, income and profits, over and above exemption, which may be applied towards the satisfaction of judgment and for all other proper relief."

The cross-petition reads as follows:

"Comes now the defendant herein by his attorneys, Bangs, Mills & Rollo, and for a cause of action against the plaintiff says and alleges:

1. That on or about the 3rd day of August, 1954, the defendant whose occupation was that of tree surgeon, did work for the plaintiff where the plaintiff was then residing in the State of Michigan and that the Plaintiff paid the defendant upon completion of said work to her satisfaction with a personal check made payable to the defendant in the sum of $595.00.

2. That the defendant returned to the State of Indiana on or about the 3rd day of August, 1954, and cashed said check at the Eighth Street Cafe, Michigan City, Indiana, operated by Norbert Hutmacher, endorsing said check and receiving $595.00 cash.

3. That Norbert Hutmacher duly deposited said check at the First Federal Savings & Loan Association, Michigan City, Indiana, and that on or about the 9th day of August, 1954, said Savings & Loan Association notified Norbert

Hutmacher that the plaintiff had stopped payment on said check and that thereupon Norbert Hutmacher repaid to said Savings & Loan Association the sum of $595.00 receiving back said check with the words 'Payment Stopped' stamped across the face thereof.

4. That on the 4th day of February, 1955, Norbert Hutmacher and the plaintiff conspired to sue the defendant in a court remote from the defendant, namely the Lake Circuit Court at Crown Point, Indiana, to thereby render the defendant unable to defend himself against judgment procured by default and that said cause of action was entitled Norbert N. Hutmacher, d/b/a Eighth Street Cafe, Plaintiffs v. Martha Wilke and Raymond Gill, defendants, Lake Circuit Court at Crown Point, February Term, 1955, Cause No. C-55-104, and that Norbert Hutmacher caused both Martha Wilke and Raymond Gill to be served with summons.

5. That on the 28th day of July, 1961, Norbert Hutmacher and the plaintiff both came before the Lake Circuit Court in person and by counsel and that Norbert Hutmacher dismissed his action against the plaintiff and that Norbert Hutmacher recovered a pretend judgment against the defendant in the amount of $1091.90, said judgment being the total of $595.00 sued on by Norbert Hutmacher plus interest at the rate of 6 per cent per annum from August 9, 1954, to July 28, 1961, in the sum of $246.90 plus an attorney fee in the sum of $250.00.

6. That on the 14th day of September, 1961, forty-eight days after recovering said pretend judgment, Norbert Hutmacher assigned said pretend judgment to the plaintiff herein for value received.

7. That at the time of the commencement of the action Norbert Hutmacher and the plaintiff well knew that the defendant was a resident of Wabash County, and that, for the purpose of giving the Lake Circuit Court at Crown Point jurisdiction over the defendant, Norbert Hutmacher and the plaintiff fraudulently joined in the action the plaintiff who was not a resident of Wabash County for the purpose of compelling the defendant to submit to a trial and to the possibility of default judgment in a court remote from the residence of the defendant.

8. That the defendant did not appear at the rendition of said pretend judgment and had no knowledge of the rendition of said pretend jugment until several years after it was given and that execution on said pretend judgment did not issue until the 12th day of August, 1965.

9. That Norbert Hutmacher had no legal right to recover attorney fees against the defendant for the reason that the defendant did not stop payment on said personal check.

10. That an emergency exists in that the plaintiff unless restrained from so doing will enforce collection of said pretend judgment upon the property of the defendant and that the plaintiff has a court order under the above entitled cause whereby the defendant will be committed to jail if he refuses to pay the sum of $50.00 per month toward said void pretend judgment.

11. That the defendant has paid to the plaintiff under said void pretend judgment in the sum of $150.00 and that said money should be recovered by the defendant.

WHEREFORE the defendant asks that a temporary restraining Order issue restraining the plaintiff from collecting on said pretend judgment; that upon notice and hearing a temporary injunction issue enjoining the defendant from collecting on said pretend judgment; that upon final hearing said injunction be made permanent and said pretend judgment be declared fraudulent and void; that the court order the plaintiff to return to the defendant the monies collected by the plaintiffs under this cause; and for all other and further relief proper in the premises."

The demurrer to appellant's cross-petition reads as follows:

"Comes now Plaintiff by Counsel and for answer to Defendant's cross petition alleges:

1. Plaintiff now demures [sic] to Defendant's cross petition on the grounds that said complaint does not state facts sufficient to constitute a cause of action to entitle them to the relief prayed for in said petition for the reason that the effect of said complaint is to render ineffective a judgment entered by the Lake Circuit Court.

The Complaint to enjoin the Plaintiff from realizing satisfaction upon a judgment against the Defendant secured in Lake Circuit Court constitutes a collateral attack on this judgment which is contrary to the laws of the State of Indiana.

For authority for this position I would cite the Court to the case of *Winstead vs. Koonce*, 172 N. E. 2d 859; 241 Ind. 440; ILE Judgments paragraphs 271-276 and Am. Jur. Judgments paragraphs 844-855, 862 and 863.

It is the established rule and LAW in this state that a judgment regular on its face and on which the Court has

jurisdiction to render is not subject to collateral attack and this position is supported by the citations and authorities herein before mentioned.

WHEREFORE, Plaintiff prays that Defendant take nothing by his cross petition and judgment for costs."

The record further discloses (p. 18 transcript) that on June 21, 1968, the entry of June 14, 1968, was amended to read "Defendant files Exhibits A and B as a part of his Complaint, to-wit:".

Exhibit A is a copy of the judgment heretofore shown as appearing at page three in the manuscript with certification that it is full, true, correct and complete by the Clerk of the Lake Circuit Court (pp. 19 & 20 of transcript).

Exhibit B is a photo copy of summons and clerk's certificate to Exhibit B, summons issued by clerk Lake Circuit Court to Sheriff of Wabash County for service on Raymond Gill, 722 Congress Street, Wabash, Indiana, and return thereon by Sheriff of Wabash County, Indiana (pp. 22-24 transcript).

The record further discloses the court sustained appellee's demurrer and on June 28, 1968, appellant refused to plead over and judgment was rendered for appellee.

The only question properly before us at this time is did the trial court commit reversible error in sustaining the appellee's demurrer to the appellant's cross-petition?

We start with the proposition that a demurrer admits as true the allegations of the pleading to which it is addressed: *Hancock County REMC* v. *City of Greenfield* (1970), 253 Ind. 402, 254 N. E. 2d 865; *McCray Memorial Hospital* v. *Hall* (1967), 141 Ind. App. 203, 226 N. E. 2d 915; *Wolf* v. *Forcum* (1959), 130 Ind. App. 10, 161 N. E. 2d 175; *Lincoln Operating Co.* v. *Gillis* (1953), 232 Ind. 551, 114 N. E. 2d 873. Moreover, where there has been no motion to require the complaint to be made more specific, the complaint will be liberally construed in favor of its validity. *Hancock County REMC* v. *City of Greenfield, supra; Automobile Un-*

*derwriters, Inc.* v. *Smith* (1960), 131 Ind. App. 454, 166 N. E. 2d 341; *Budkiewicz* v. *Elgin, Joliet and Eastern Ry. Co.* (1958), 238 Ind. 535, 150 N. E. 2d 897; *Lincoln Operating Co.* v. *Gillis, supra.*

The appellee's demurrer alleges that the appellant's cross-petition fails to state facts sufficient to constitute a cause of action for the reason that the cross-petition presents a collateral attack against a judgment which, the appellee contends, is regular on its face.

Although the general rule is that a judgment which is regular on its face is not subject to collateral attack, *Winstead* v. *Koonce* (1961), 241 Ind. 440, 172 N. E. 2d 859; an exception to the rule exists where, as here, the complaint alleges that the judgment was procured by fraud. *Glansman* v. *Ledbetter* (1921), 190 Ind. 505, 130 N. E. 230; *Frankel* v. *Garrard* (1903), 160 Ind. 209, 66 N. E. 687. However, the law is equally clear that the party seeking to attack the judgment must allege that he has a meritorious defense to that judgment. *Cantwell* v. *Cantwell* (1957), 237 Ind. 168, 143 N. E. 2d 275; *Meyer* v. *Wilson* (1906), 166 Ind. 651, 76 N. E. 748; *Woods* v. *Brown* (1883), 93 Ind. 164.

Carefully considering the pleadings and the record herein we must and do conclude that the cross-petition does state facts sufficient to constitute a cause of action and to withstand the demurrer.

Paragraph 7 of the appellant's cross-petition alleges that the judgment of the Lake Circuit Court was procured by fraud in that Norbert Hutmacher and the appellee fraudulently joined the appellant, at that time a resident of Wabash County as a party defendant to the action in the Lake Circuit Court for the purpose of acquiring jurisdiction over the appellant as a non-resident defendant. Moreover, paragraph 9 of the appellant's cross-petition alleges a meritorious defense to the contested judgment of the Lake Circuit Court by alleging

that the judgment wrongfully awarded Norbert Hutmacher attorney fees which were to be paid by the appellant. Ind. Ann. Stat. § 19-12-109, provides that a holder or payee of a check who successfully sues and recovers may recover interest and attorney fees from the *maker* of the check who wrongfully stopped payment. In the case at bar, the appellant was not the maker of the check, but the payee. Furthermore, the appellant did not stop payment on the check. Therefore, the appellant could not, under the statute, have been assessed attorney fees. By alleging in the cross-petition that he was wrongfully assessed attorney fees by the judgment of the Lake Circuit Court, the appellant adequately alleges a meritorious defense to that judgment.

Thus, since the appellant's cross-petition alleges both that the judgment of the Lake Circuit Court was procured by fraud and that the appellant has a meritorious defense to that judgment, we hold that the appellant's cross-petition states facts sufficient to constitute a cause of action.

The judgment of the trial court is reversed and the cause remanded to the trial court with instructions to overrule the appellee's demurrer and for further proceedings not inconsistent with this opinion.

Hunter, C.J., Arterburn and DeBruler, JJ., concur; Givan, J., dissents with opinion.


DISSENTING OPINION

GIVAN, J.—I dissent from the majority opinion in this case. The majority cite authority for the proposition that a judgment which is regular on its face is not subject to collateral attack. In my opinion these authorities are correct and should govern in this case. The exceptions to this rule set out in the majority opinion I do not believe are well taken under the facts of this case. The majority contend that there is an alle-

gation of a meritorious defense to the judgment in that the appellant raises the question concerning attorneys' fees.

It is my belief that Burns' Ind. Stat. 19-12-109 is applicable to the appellant in this case. As an indorser the appellant accepts the tenor of the instrument which included the obligation for attorney fees under the statute. See Burns Ind. Stat. 19-3-414 and 19-3-417 and the comments to the official text thereunder.

There is nothing in the record indicating that appellant had any other claim to a meritorious defense.

I would, therefore, affirm the trial court.

NOTE.—Reported in 255 N. E. 2d 662.