Daniel **BOYLE**, Appellant
(Petitioner Below),

v.

**KOSCIUSKO COUNTY**, Indiana Board of Zoning Appeals, E.R. Jacobs and Judy Herendeen, Appellees (Respondents Below).

No. 43A03–9006–CV–00232.

Court of Appeals of Indiana,
Third District.

Jan. 31, 1991.

Stephen R. Snyder, Beckman, Lawson, Sandler, Snyder & Federoff, Syracuse, for appellant.

Michael W. Reed, Reed & Earhart, Warsaw, for appellees.

STATON, Judge.

Daniel Boyle appeals a trial court judgment affirming the decision of the Kosciusko County, Indiana, Board of Zoning Appeals (Board). The Board denied Boyle's petition for a variance after Boyle had substantially completed a structure consisting of a deck, retaining walls, a storage facility, and stairs for negotiating the slope from his cottage to Lake Wawasee. The improvements were less than two feet from an adjacent easement and less than five feet from the lakeshore. Boyle asserts that the Board lacked jurisdiction in the matter because his improvements were exempt from ordinance setback requirements, and alternatively that the Board's determination amounted to an abuse of discretion.

Affirmed, as modified.

Boyle first contends that the Board lacked jurisdiction to rule on his variance petition, inasmuch as the Kosciusko County Zoning Ordinance (Ordinance) exempts his improvements from setback requirements. Ordinance section 4.10 reads as follows:

No permit shall be required for:

4.101 Accessory structures not on permanent foundations;

4.102 Routine maintenance, repair, or remodeling of existing structures not involving any change of use or additional lot coverage;

4.103 Essential Services as defined in Article 7;

4.104 Lot and Yard improvements such as fences, drives, sidewalks, retaining walls, play equipment and landscaping;

4.105 Signs with a surface area of less than six (6) square feet.

4.106 Satellite dishes. However, these structures shall conform to the requirements of Section 2.10 of this Ordinance.

■ Ordinance section 2.10 requires a lake yard and side yard setback requirement of thirty-five feet and ten feet, respectively. The question then presented is whether the saving clause in the subsection relating to satellite dishes applies to the other subsections as well. Because zoning laws which limit the use of real property are in derogation of the common law, we will strictly construe such laws to favor the free use of land and we will not extend restrictions by implication. *Ayers v. Porter County Plan Commission* (1989), Ind. App., 544 N.E.2d 213.

■ When interpreting an ordinance, this court will apply the same rules as those employed for the construction of state statutes. *Woods v. Brown County Plan Commission* (1983), Ind.App., 446 N.E.2d 973, *reh. denied, trans. denied.* Foremost among those rules is the directive to ascertain and give effect to the intent of the legislature. *Simon v. Auburn, Board of Zoning Appeals* (1988), Ind.App., 519 N.E.2d 205. Indispensable to this effort is a consideration of the goals sought to be achieved and the reasons and policies underlying the statute, requiring a view of the statute within the context of the entire act, rather than in isolation. *Id.* A legislative enactment cannot be presumed to be applied in an illogical or absurd manner, inconsistent with its underlying goals. *Id.*

■ A review of Ordinance section 4.10 in the context of other sections indicates that the setback requirements for permit-exempt property applies only to satellite dishes. This is evident not only by its placement in the Ordinance, but because of other factors. For instance, it is clear that fences up to ten feet in height may be placed on the property line. Ordinance sections 3.97, 3.98. It would be an absurdity to suggest that a drive must be placed no closer than fifteen feet from the street, or closer than fifteen feet from the street, or

that a sidewalk may not be any nearer than thirty-five feet from the lakeshore. Furthermore, given the policy underlying the Ordinance, which is to preserve the quality of residing in a serene lakeside environment, the intent of the drafters was to ensure that large, inelegant objects such as satellite dishes do not spoil the landscape.

■ As the setback requirements for permit-exempt property pertain only to satellite dishes, the question remains whether Boyle's improvements may be classified as exempted from permit requirements. Boyle contends that the improvements not specifically enumerated in Ordinance section 4.104, *supra,* are exempt under section 4.101, *supra,* as "accessory structures not on permanent foundations."

A "structure" is defined by the ordinance as "[a]nything constructed or erected, the use of which requires a fixed location on the ground, including ... decks, porches, and other building features but not including sidewalks, drives, and fences." Ordinance Article 7.1. An "accessory use" is a use "customarily incidental and subordinate to the principal use, in a style of construction compatible with the construction of the improvements consituting [sic] the principal use and located on the same lot as the principal use." *Id.* It is clear, then, that the improvements are accessory structures. The record, however, indicates that the deck and storage unit are built over a concrete slab. Under the Ordinance, the construction of an accessory structure on a permanent foundation is not exempt from permit requirements. Therefore, while the sidewalk, stairway, and retaining walls are exempt from permit requirements, and thus not subject to setback rules, the Board was correct in its determination that the deck and storage unit were in violation.

■ Boyle next asserts that, assuming the Board had jurisdiction to rule on his variance request, the evidence presented at the hearing unequivocally established the facts necessary for a grant of the variance. In reviewing the decision of a Board of Zoning Appeals, this Court is bound by the

same standard as that applied by the trial court; that is, the Board's decision will not be reversed unless it is arbitrary, capricious or an abuse of discretion. *Maxey v. Board of Zoning Appeals* (1985), Ind.App., 480 N.E.2d 589, *reh. denied, trans. denied.* An abuse of discretion may be found where the findings are unsupported by the evidence; where evidence supports the findings, we may not substitute our judgment for that of the Board. *Boffo v. Boone County Board of Zoning Appeals* (1981), Ind.App., 421 N.E.2d 1119, *reh. denied.* We presume that the Board, as an administrative agency with expertise in zoning matters, has arrived at the correct result. *Id.*

■■■ Boyle acknowledges that judicial review of the denial of a variance is more limited than when a variance is granted. In order to overturn the decisions below, this Court must find that each prerequisite enumerated in IC 36–7–4–918.5 (Burns Code Ed., 1989) has been established by such evidence so that no reasonable person could fail to accept that prerequisite as proved. *Boffo, supra,* at 1125. IC 36–7–4–918.5 provides:

> A board of zoning appeals shall approve or deny variances from the development standards (such as height, bulk, or area) of the zoning ordinance. A variance may be approved under this section only upon a determination in writing that:
>
> (1) The approval will not be injurious to the public health, safety, morals, and general welfare of the community;
> (2) The use and value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner; and
> (3) The strict application of the terms of the zoning ordinance will result in practical difficulties in the use of the property. However, the zoning ordinance may establish a stricter standard than the "practical difficulties" standard prescribed by this subdivision.

■■■ No evidence was presented as to whether approval of the variance would result in injury to the public health, safety, morals and general welfare of the community. On the contrary, Boyle's uncontroverted testimony indicated that the new stairway was designed and built to replace concrete stairs which were unsafe because of significant deterioration over the years. Boyle has satisfactorily proven this prerequisite.

Boyle has not, however, successfully proven that the use and value of adjacent areas will not be affected in a substantially adverse manner. Remonstrators testified at the hearing that Boyle's structure interfered with sunbathing and with their view of the lake. Despite Boyle's contention that no evidence was presented to indicate an adverse effect on the *value* of adjacent property, the Board could have reasonably inferred that the diminished use and enjoyment of the adjacent area would result in a decrease in property value.

Citing *Wolf v. Forcum* (1959), 130 Ind. App. 10, 161 N.E.2d 175, Boyle argues that the Board impermissibly relied on the remonstrators "loss of view" to deny his petition. The court in *Wolf* embraced the American common law which rejected the English doctrine of "ancient lights," concluding that there is no duty to avoid building on one's property in such a way as to cut off a neighbor's access to natural light or otherwise obstruct someone's view, scenic or otherwise. *Id.; but cf. Justice v. CSX Trans., Inc.* (7th Cir.1990), 908 F.2d 119, *reh. denied* (under Indiana law, landowner's duty of care in tort extends to avoiding creation of visual obstacles that unreasonably imperil users of adjacent ways, even if obstacle is wholly on landowner's property and merely blocks the view across it).

Boyle overlooks the fact that the setback Ordinance in this case was enacted for the purpose of preserving the attributes of · lakeside dwelling. Inherent in this objective is the ability to enjoy a substantially unobstructed view of the lake. It is noteworthy that the court in *Wolf* denied appellants' request for relief after observing: "There are no allegations in the complaint ... that the erection by appellees of their said building in the manner stated violated

the provisions of any *ordinance, statute, or zoning law." Wolf, supra,* 130 Ind. App. at 15, 161 N.E.2d at 177 (emphasis added). Boyle failed to adequately prove the second prerequisite.

With regard to the third prerequisite under IC 36–7–4–918.5, there is some dispute as to whether the Ordinance has established a stricter standard than the "practical difficulties" standard enunciated above. According to the record, Ordinance section 5.31 contains the following proviso:

> the Petitioner must also establish that the strict application of the terms of this Ordinance would result in an unusual and unnecessary hardship to the property, as distinguished from a mere inconvenience or economic hardship, in order for any variance to be granted.

According to the appellees, the Kosciusko County Council adopted verbatim the language of IC 36–7–4–918.5. However, we need not resolve this dispute, as the evidence fails to satisfy either standard.

The record is devoid of any indication that denial of the variance would result in practical difficulties in the use of the property, much less unusual or unnecessary hardship. Boyle is free to place a storage area and deck on his property in a manner compliant with applicable zoning laws. Although he will have to remove the storage structure and deck from their present location, a removal that may result in the destruction of the improvements, such removal does not interfere with the practical use of the property.

We conclude that Boyle did not require a permit for the stairway, sidewalk, or retaining walls, and by the terms of the Ordinance, the setback requirements were not applicable to these improvements. Therefore, the Board had no jurisdiction to rule on a variance with respect to those items. The Board had authority to deny the variance petition with respect to the storage facility and deck, as permits were required for the construction of those improvements. Because Boyle did not carry his burden of proving all three prerequisites of the variance statute, and because we may not substitute our judgment for that of the Board, *See Boffo, supra,* there was no abuse of discretion in denying the petition.

The judgment as modified is affirmed.

RATLIFF, C.J., and GARRARD, J., concur.