Stephen R. SNYDER and Susan J. Snyder, Appellant–Petitioners,

v.

KOSCIUSKO COUNTY BOARD OF ZONING APPEALS, John Kellogg, and Susann Kellogg, Appellee–Respondents.

No. 43A03–0203–CV–88.

Court of Appeals of Indiana.

Sept. 4, 2002.

Stephen R. Snyder, Randall L. Morgan, Beckman Lawson, LLP, Syracuse, IN, Attorneys for Appellant.

Timothy S. Shelly, Dean E. Leazenby, Warrick & Boyn, LLP, Elkhart, IN, Attorneys for Appellee.

**OPINION**

ROBB, Judge.

The Kosciusko County Board of Zoning Appeals (the "board") granted a zoning variance for John and Susann Kellogg to build a second residence on their property with a fifteen-foot setback from the road. Stephen and Susan Snyder, owners of property adjacent to the Kelloggs' tract, challenged the board's decision in the Kosciusko Superior Court. After a hearing, the trial court affirmed the decision of the board. The Snyders now appeal the decision of the trial court. We affirm.

*Issue*

The Snyders raise a single issue for our review, which we restate as whether the board properly granted the Kelloggs' variance.

*Facts and Procedural History*

The Kelloggs filed a request for a zoning variance with the board to construct on their lot a second residence with a twenty-five-foot setback from the edge of Lake Wawasee and a fifteen-foot setback from the road. After a hearing, the board granted a variance allowing the construction of a second residence and a fifteen-foot setback from the road, but denied the

variance for less than a thirty-five-foot set-back from the lake.[1]

The Snyders challenged the decision of the board in the trial court. After a hearing, the court affirmed the board's ruling, stating that there was sufficient evidence of probative value on which the board could have based its decision. This appeal ensued.

*Discussion and Decision*

### I. Standard of Review

■ In reviewing the decision of a board of zoning appeals, we will not reweigh the evidence nor substitute our judgment for that of the board. *Columbus Bd. of Zoning Appeals v. Wetherald*, 605 N.E.2d 208, 211 (Ind.Ct.App.1992). We presume the determination of the board, an administrative agency with expertise in zoning matters, is correct. *Scott v. Marshall County Bd. of Zoning Appeals*, 696 N.E.2d 884, 885 (Ind.Ct.App.1998). Only if the board's decision is arbitrary, capricious or an abuse of discretion should it be reversed. *Id.*

■ To reverse an order of a zoning board which grants a variance, an appellant must show that "the quantum of legitimate evidence was so proportionately meager as to lead to the conviction that the finding and decision of the [b]oard does not rest upon a rational basis." *Boffo v. Boone County Bd. of Zoning Appeals*, 421 N.E.2d 1119, 1126–27 (Ind.Ct.App.1981) (quoting *Braughton v. Metropolitan Bd. of Zoning Appeals*, 146 Ind.App. 652, 257 N.E.2d 839, 841 (1970)).

Under Indiana Code section 36–7–4–918.5, a variance may be approved only upon a determination in writing that:

(1) the approval will not be injurious to the public health, safety, morals, and general welfare of the community;

(2) the use and value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner; and

(3) the strict application of the terms of the zoning ordinance will result in practical difficulties in the use of the property. However, the zoning ordinance may establish a stricter standard than the "practical difficulties" standard prescribed by this subdivision.

Ind.Code § 36–7–4–918.5.

### II. The Kelloggs' Variance

■ In their brief, the Snyders contend that the Kelloggs were required to prove all three elements of Indiana Code section 36–7–4–918.5 by presenting substantial evidence of probative value supporting each element. When determining whether an administrative decision is supported by substantial evidence, we must determine from the entire record whether the agency's decision lacks a reasonably sound evidentiary basis. *Crooked Creek Conservation & Gun Club v. Hamilton County*, 677 N.E.2d 544, 548–49 (Ind.Ct. App.1997), *trans. denied.* Evidence is considered substantial if it is more than a scintilla and less than a preponderance. *Id.* at 549. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

#### 1. The Second Residence Variance

■ The trial court found that there was sufficient evidence of probative value in the record upon which the board could

---

**1.** The board also stated that the second residence could only be constructed with the condition that the first residence not be modified.

have based their decision. Additionally, the trial court found that the board had supported their decisions with written Findings of Fact. We agree.

In considering whether to grant a variance for the Kelloggs to construct a second residence on their property, the board considered drawings of the proposed residence. Additionally, Jack Birch spoke out against the additional residence and was questioned by the board. Appellant's Appendix at 83–87. Also, it is clear from the record that the board carefully considered the question of the second residence. *Id.* at 91–95.

> During Birch's comments, he stated:
> I don't think the question is whether or not there should be two residences on the lot, that's not unusual for lake properties, for lake properties for that area, the question is whether or not it is appropriate to get rid of all the setbacks[,] reduce them significantly to allow one house to remain and then build another one that's additionally in violation . . .

Appellant's Appendix at 84. The Kelloggs also presented evidence that several other properties in the neighborhood had two residences on their property, some of which had been built since the zoning ordinance had been enacted. Although not dispositive of the issue, the fact that the board has granted such variances before suggests the decision is not arbitrary.

After the hearing, the board considered whether the second residence would be injurious to the public health, morals or general welfare and decided that it would not. Appellant's Appendix at 102–07. Additionally, the board considered the impact on the property values of the other neighbors. *Id.* Finally, the board determined

that strict compliance with the zoning ordinance would result in practical difficulties for the Kelloggs. *Id.*

Therefore, there is evidence in the record to show that the board's decision was neither arbitrary, capricious nor an abuse of its discretion.

## 2. The Setback Variance

The board denied the Kelloggs' request for less than the thirty-five-foot setback from the lake required by the Kosciusko County Zoning Ordinance. However, the board granted the request for a fifteen-foot setback from the road. The Snyders contend that the Kelloggs failed to present substantial evidence of probative value to prove each of the elements for this variance.

■ First, the Snyders contend that the Kelloggs failed to present evidence that the variance would not be injurious to the public health, safety, morals and general welfare of the community. We disagree. The Kelloggs were present at two hearings before the board during which they addressed concerns relating to the setback and the possible traffic problems.[2] Additionally, the board questioned John Kellogg regarding the traffic problems which may be caused by a fifteen-foot setback from the road.

During the hearing, John Kellogg presented drawings showing the proposed location of the second residence, including the setback from the road as well as the lake. Following the hearing, the board members each completed a Finding of Facts form on which at least four out of the five board members stated that the variance would not be injurious to the

---

**2.** The first hearing was continued as the Kelloggs did not bring sufficient information to the board to reach a conclusion regarding the variance. Although this is not substantive evidence, it does show that the board considered the variance in more than just a passing capacity.

public health, morals, or general welfare of the community.[3] Appellant's Appendix at 102–07. Therefore, we cannot say that the evidence was so meager that the board's decision does not rest upon a rational basis.

■■■ Second, the Snyders contend that other property owners showed concern over the negative impact to their property values and that the Kelloggs did not sufficiently refute this evidence. However, this is asking us to reweigh the evidence and this we will not do. The board's decision was based upon the evidence presented by both sides at the hearing regarding the decrease in property values.

Third, the Snyders assert that the Kelloggs failed to demonstrate "practical difficulties" in following the strict interpretation of the zoning ordinance. *See* Ind. Code § 3–67–4–918.5(3). Citing *Boyle v. Kosciusko County, Ind. Bd. of Zoning Appeals*, 565 N.E.2d 1157 (Ind.Ct.App.1991), the Snyders state that the applicable standard is that the Kelloggs must have shown that they would not be able to construct a residence on their land "in a manner compliant with applicable zoning laws". Appellant's Brief at 12. However, the Snyders' reliance on *Boyle* is misplaced. Rather than stating that a petitioner for a variance must show that it is impossible to construct a residence in compliance with applicable zoning laws, the *Boyle* court stated that it refused to resolve what test was necessary to meet section three of the statute—the "practical difficulties" test or a stricter standard. *Id.* at 1161.

In the present case, there is evidence that the board considered carefully the question of whether strict application of the terms of the ordinance would result in practical difficulties for the Kelloggs. Following the hearing and a discussion by the board, the vote on this element was 3–2, closer than any other considered. Additionally, the board denied the Kelloggs' petition for a setback of less than thirty-five-feet from the lake. We hold that there was sufficient evidence of probative value upon which the board made its decision.

### Conclusion

The Snyders failed to show that the quantum of evidence presented by the Kelloggs to the board was so meager that the decision of the board did not rest upon a rational basis. Therefore, the trial court was within its discretion in affirming the decision of the board. The decision of the trial court is affirmed.

Affirmed.

RILEY and MATTINGLY–MAY, JJ., concur.

**L.L., Appellant–Defendant,**

v.

---

**3.** Four of the board members clearly circled "No," indicating that the variance would not be injurious to the public health, morals or general welfare. The fifth circled both "Yes" and "No."