Todd GREEN, et al., Appellants–
Petitioners,

v.

HANCOCK COUNTY BOARD OF ZON-
ING APPEALS and Joyce Holmes,
Appellees–Respondents.

No. 30A05–0508–CV–470.

Court of Appeals of Indiana.

July 18, 2006.

Jeanne M. Hamilton, Greenfield, IN, Attorney for Appellants.

David W. Stone IV, Stone Law Office & Legal Research, Anderson, IN, Gregg H. Morelock, Brand, Davis, Elsea & Morelock, Greenfield, IN, Attorneys for Appellees.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellants–Petitioners, Todd Green, et al. (collectively, Appellants), appeal the trial court's findings of fact and conclusions of law affirming a decision by Appellee–Respondent, the Hancock County Board of Zoning Appeals (BZA), which granted the second Appellee–Respondent, Joyce Holmes (Holmes) a special exception to construct a banquet facility on her property in Hancock County.

We affirm.

*ISSUE*

Appellants raise three issues on appeal, which we consolidate and restate as the following issue: Whether the trial court erred in concluding that the BZA properly interpreted its zoning ordinance by determining that Holmes' proposed banquet

hall-wedding reception facility fell within the special exception of commercial recreational use, as provided for in the Hancock County zoning ordinance.[1]

*FACTS AND PROCEDURAL HISTORY*

Holmes has been in the catering business for eighteen years and typically caters for women groups, civic organizations, businesses and wedding receptions. On May 21, 2003, she petitioned the BZA to grant her a special exception to construct a banquet hall-wedding reception facility on property she owns with her husband in Hancock County. This property, a thirty-eight acre tract, is located on the northeast corner of County Road 500 North and 300 East in Center Township and is surrounded by agricultural land and residential subdivisions. Holmes' property is zoned A–1, which is an agricultural zoning district. Only ten acres of the property would be used for the proposed facility.

On August 28, 2003, the BZA held a first hearing on Holmes' petition. During the hearing, Appellants, Holmes' neighbors, objected to granting Holmes' petition because the project would adversely affect their property values, increase traffic volume beyond the carrying capacity and, in general, endanger the community. Furthermore, they asserted that the proposed facility would promote drunk driving and increase the noise and light pollution. Following a presentation of the evidence, the matter was rescheduled for a future hearing. On October 30, 2003, a second hearing was held on Holmes' petition. After hearing additional evidence, the BZA

---

1. In their brief, the BZA and Holmes raise one issue, asserting that none of the Appellants have a pecuniary or substantial interest in the subject matter of the litigation that would allow them to challenge the BZA's determination. However, as conceded by the BZA and Holmes, the issue of whether Appel-

lants have a pecuniary or substantial interest was not raised before the trial court, and as such the trial court was not in a position to gather evidence and rule on the issue. Accordingly, we cannot now review the BZA and Holmes' argument.

granted her petition determining that a banquet hall-wedding reception facility can be considered a commercial recreational use of the property, which is a special exception permitted in an A–1 zone pursuant to the Hancock County zoning ordinance.

On November 26, 2003, Appellants filed a Verified Petition for Writ of Certiorari arguing that the BZA had exceeded its authority by interpreting the commercial recreational use special exception in the Hancock County zoning ordinance. The trial court remanded the case back to the BZA with instructions to compile findings of fact and conclusions of law supporting its decision to grant Holmes' petition. After receiving the BZA's findings of fact and conclusions of law, the trial court, on remand, denied Appellants' verified petition and affirmed the BZA's grant of a special exception to Holmes.

Appellants now appeal. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Appellants contend that the trial court erred in affirming the BZA's decision to grant a special exception to Holmes for the construction of a banquet hall-wedding reception facility in an agriculturally zoned district. Specifically, they assert that by interpreting the special exception of commercial recreational use as including a banquet hall-wedding reception facility, the BZA acted as a quasi-legislative entity. Furthermore, they argue that, even if the BZA is allowed to interpret its own zoning ordinance, its interpretation in the instant case is unreasonably broad.

### I. Standard of review

■ When a trial court conducts a writ of certiorari of a BZA hearing, it must determine that the decision was correct as a matter of law. *City of Hobart Common Council v. Behavioral Institute of Indiana, LLC*, 785 N.E.2d 238, 254 (Ind. Ct.App.2003). The trial court may not conduct a trial de novo, and may not substitute its decision for that of the BZA absent a finding of illegality. *Id.* An abuse of discretion standard is applied, and the trial court cannot reweigh the evidence or substitute its decision for that of the BZA. *Id.* In order to reverse the BZA's decision, the reviewing court must find, after resolving all doubts in favor of the BZA's decision, that each of the statutory requirements have been met as a matter of law. *Id.* at 255. Generally, if there is sufficient evidence to support the BZA's decision, it must be upheld. *Id.* On appeal, this court's review is restricted by the same standard. *Id.* Moreover, when, as here, the trial court enters specific findings of fact and conclusions of law, we determine first whether the evidence supports the findings and second, whether the findings support the judgment. *Town of Merrillville Bd. of Zoning Appeals v. Public Storage, Inc.*, 568 N.E.2d 1092, 1094–95 (Ind.Ct.App.1991), *trans. denied.*

### II. Analysis

#### A. BZA's Authority to Interpret a Zoning Ordinance

■ Appellants first dispute the BZA's authority to interpret its own zoning ordinance. In essence, they assert that because the Hancock County zoning ordinance does not authorize the BZA to determine if a particular non-contemplated use fits a listed use, the BZA performed an illegal quasi-legislative function by interpreting the special exception of commercial recreational use.

■ Initially, we note that the legislature granted the county commissioners the exclusive power to enact or amend zoning ordinances. Ind.Code § 36–7–4–601. Administrative agencies, such as the BZA,

are created by the legislature, and their powers are strictly limited to those granted by their authorizing statute. *Bradley v. Bankert*, 616 N.E.2d 18, 22 (Ind.Ct.App. 1993), *reh'g denied, trans. denied.* Thus, Appellants correctly assert that the BZA has only been granted quasi-judicial powers. *See id.* Nevertheless, we also noted previously in *Bradley* that the question of whether an agency has acted in a quasi-legislative manner as opposed to a quasi-judicial manner is determined by application of the following principle: administrative rulemaking (quasi-legislative activity) is distinct from the performance of an adjudicatory function (quasi-judicial activity) in that the former "embraces an element of generality, operating upon a class of individuals or situations whereas an adjudication operates retrospectively upon events which occurred in the past." *Id.* (quoting *Blinzinger v. Americana Healthcare Corp.* 466 N.E.2d 1371, 1375 (Ind.Ct. App.1984)).

Here, the record shows that Holmes' property is zoned A–1, *i.e.,* an agricultural district. While the zoning ordinance applicable to an agriculturally zoned district supports 10 permitted uses, it also allows for twenty-two specifically enumerated special exceptions. One of these special exceptions is a "commercial recreational use," which is defined in zoning ordinance § 156.004 as "an occupation, employment, or enterprise that is carried on to provide recreational services for profit by an owner, lessee, or licensee." (Appellant's App. p. 64). Guiding the BZA's actions in dealing with permitted uses and special exceptions, zoning ordinance § 156.042 provides:

> The permitted uses for each district are listed in the divisions below. The uses that are listed for the various districts shall be according to the common meaning of the term or according to definitions listed in § 156.004. Uses not specifically listed or defined to be included in the categories under this chapter shall not be permitted. The special exceptions for each district that may be permitted by the [BZA] are also listed below. The BZA shall follow the provisions of § 156.193 and any other applicable sections when considering any application for a special exception.

(Appellant's App. p. 67).

Our review of the record further establishes that during its meeting of October 30, 2003, the BZA interpreted the meaning of the zoning ordinance in determining whether Holmes' proposed facility met the definition of a commercial recreational use and concluded that a banquet hall-wedding reception facility qualified as such use.

While an argument can be made that the BZA acted in a quasi-legislative fashion because it interpreted a law, and its interpretation could be used generally and prospectively; the better view of the BZA's decision is that the BZA interpreted the zoning ordinance to resolve an existing controversy—Holmes' application for a special exception—and its interpretation had the effect of determining the legal rights of specific persons. *See also Bradley*, 616 N.E.2d at 23 (where we used the same analysis and reached the same conclusion regarding Appellee's application for an improvement local permit). The BZA's interpretation of the zoning ordinance here is analogous to what a court does when it attempts to give effect to a statute's underlying purpose when presented with specific questions that were not contemplated when the statute was enacted. Accordingly, in line with our opinion in *Bradley,* we hold that the BZA did not act outside of its statutory authorization.

### B. Interpretation of Commercial Recreational Use

■ Next, Appellants contend that even if the BZA performed a quasi-judicial

function, its interpretation that the special exception regarding commercial recreational use includes a banquet hall-wedding reception facility is unreasonably broad.

■ When interpreting an ordinance, this court will apply the same rules as those employed for the construction of state statutes. *Boyle v. Kosciusko County*, 565 N.E.2d 1157, 1159 (Ind.Ct.App. 1991). Foremost among those rules is the directive to ascertain and give effect to the intent of the legislature. *Id.* Indispensable to this effort is a consideration of the goals sought to be achieved and the reasons and policies underlying the statute, requiring a view of the statute within the context of the entire act, rather than in isolation. *Id.* A legislative enactment cannot be presumed to be applied in an illogical or absurd manner, inconsistent with its underlying goals. *Id.*

■ In the instant case, the BZA deemed a banquet hall-wedding reception facility to be comprised within the special exception of commercial recreational use, as defined in the Hancock County zoning ordinance. We have held previously that a special exception is a use permitted under the zoning ordinance upon the showing of certain statutory criteria. *S & S Enterprises, Inc. v. Marion County Bd. of Zoning Appeals*, 788 N.E.2d 485, 490 (Ind.Ct. App.2003), *trans. denied.* In general, the granting of a special exception is mandatory once the petitioner shows compliance with the relevant statutory criteria. *Id.* Here, zoning ordinance § 156.193 provides for the following criteria:

(A) The [BZA] shall have the power to authorize special exceptions. In approving special exceptions, the [BZA] may attach any conditions to the special exceptions as it deems necessary to assure compliance with the purpose of this chapter. If the conditions of the special exception are not completely and continuously adhered to after the granting of the special exception, the special exception shall become null and void upon notice to the property owner from the [BZA];

(B) The following requirements shall be met:

(1) The special exception shall be listed in § 156.042;

(2) The special exception can be serviced with adequate utilities, access roads, drainage, and other necessary facilities;

(3) The special exception shall not involve any element or cause any condition that may be dangerous, injurious, or noxious to any other property or persons, and shall comply with the performance standards of section § 156.068;

(4) The special exception shall be sorted, oriented, and landscaped to produce a harmonious relationship of buildings and grounds to adjacent buildings and properties;

(5) The special exception shall produce a total visual impression and environment which is consistent with the environment of the neighborhood;

(6) The special exception shall organize vehicular access and parking to minimize traffic congestion in the neighborhood;

(7) The special exception shall preserve the purpose of this chapter.

(Appellant's App. pp. 69–70). Thus, our review necessarily involves a two-step process: first, we need to determine whether the BZA properly found that the proposed banquet hall-wedding reception facility can be interpreted as a commercial recreational use, and if so, whether the BZA established that the statutory criteria of § 156.193 were complied with.

As we stated above, a commercial recreational use is defined in zoning ordinance § 156.004 as "an occupation, employment, or enterprise that is carried on to provide recreational services for profit by an owner, lessee, or licensee." (Appellant's App. p. 64). Upon our review of the record, we concur with the trial court finding that "the BZA made the determination that the requested special exception, a banquet/catering facility, fit within the definition of a commercial recreational use. That determination resulted from discussions and analysis of a case previously considered by the board and applied to the Holmes' petition." (Appellant's App. pp. 44–45). Specifically, during its meeting on May 29, 2003, the BZA determined that a wedding chapel was an appropriate interpretation of a special exception in a B–2 zoning district.

Even though Indiana courts have never considered whether a banquet hall-wedding reception facility can be defined as a commercial recreational use, it is clear that providing banquets and celebrating weddings are generally attended with the purpose of having a great time while celebrating a joyous occasion with family and friends. For Holmes, these weddings need to be commercially viable as they will provide her with her livelihood for the next twenty years. Thus, we conclude that the BZA did not abuse its discretion by including a banquet hall-wedding reception facility within the definition of commercial recreational use.

With regard to compliance with the statutory criteria, the record reflects that over the course of the BZA's meetings discussing Holmes' petition, the BZA requested and, in certain instances, Holmes volunteered numerous conditions to assure compliance. Furthermore, in its findings of fact and conclusions of law, the BZA thoroughly dissected the statutory require-

ments. The BZA listed every requirement in a separate heading and examined the available evidence for compliance with the statute. In turn, the trial court concluded that "substantial evidence was present, sufficient to support the findings, and that the findings were sufficient to support the BZA's decision." (Appellant's App. p. 46). We agree. Our review of the BZA's meetings in the instant case support the trial court's conclusion and therefore, we will not disturb the trial court's ruling.

### CONCLUSION

In light of the foregoing, we find that the trial court properly concluded that the BZA correctly interpreted its zoning ordinance by determining that Holmes' proposed banquet hall-wedding reception facility fell within a special exception, as provided for in the zoning ordinance.

Affirmed.

VAIDIK, J., and DARDEN, J., concur.